**UNITED STATES of America**

v.

**C. & G. MOTORS, Inc., State Road & Harrison Sts., Emmaus, Pennsylvania.**

**No. 16099.**

United States District Court, E. D. Pennsylvania.

Sept. 30, 1954.

W. Wilson White, Philadelphia, Pa., for plaintiff.

Getz, Perkin & Twining, Allentown, Pa., for defendant.

LORD, District Judge.

This is a motion by plaintiff to amend the complaint.

On November 27, 1953, the plaintiff filed a Civil Action for treble damages against the defendant for violation of the Defense Production Act, as amended, 50 U.S.C.A.Appendix, § 2061 et seq., and Ceiling Price Regulation 94, as amended (16 F.R. 11639) issued thereunder. The complaint alleged, in effect, that defendant sold *used* automobiles in excess of the established ceiling prices for used cars. Defendant filed an answer denying, except in two instances, that the automobiles in question were used cars. Thereafter, on May 19, 1954, the plaintiff moved to amend the complaint to plead in the alternative that the automobiles were *new* cars and sold at prices in excess of the ceiling price for new cars.

The sales alleged in the complaint occurred during the period November 29, 1952 and January 31, 1953. The Defense Production Act, supra, provides that suit must be brought within one year, 50 U.S.C.A.Appendix, § 2109(c). Defendant opposed the motion on the ground that the amendment asserts a new cause of action which is barred by the statute of limitations. It argues that since the original complaint alleged violations of Ceiling Price Regulation 94, applicable to *used* cars, and the amendment alleges violations of Ceiling Price Regulation 83, applicable to *new* cars, a new cause of action is pleaded.

Accordingly, the question to be determined is whether a new cause of action is alleged.

Rule 15(a), 28 U.S.C., provides that leave to amend shall be freely given when justice so requires. Section (c) of Rule 15 provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■ Attached to the original complaint and made a part thereof, is Exhibit "A" which sets forth as to each of the twenty-three alleged violations the date of sale, the buyer's name, the year, make, model and serial number of the automobile, the sales price, the ceiling price and the amount of the alleged overcharge. The Amendment merely proposes to allege in the alternative that the transactions described in detail in Ex-

578

hibit "A" are violations of Ceiling Price Regulation 83. This would not appear to be a new cause of action under the Rule since the same transactions are asserted in both pleadings.

The case of Bowles v. Tankar Gas, Inc., D.C.D.Minn.1946, 5 F.R.D. 230, would appear to decide the issue. It was there held that the amendment of a Complaint seeking treble damages for over-ceiling sales of petroleum products, did not state a new cause of action barred by the statute of limitations though an additional price regulation, not pleaded in the original complaint, was relied upon. The Court stated at page 235:

"In substance, plaintiff is only broadening the legal and factual basis upon which recovery is sought. The chief difference between the original complaint and the amendment, as noted heretofore, is that the original complaint charges violation of ceilings for a petroleum product other than industrial naphtha, and the proposed amendment, in addition and in the alternative, charges violation of ceilings for industrial naphtha. Plaintiff really alleges that the product sold may be a different one in composition and use than that charged in the original complaint. The fact that the amendment is based upon Maximum Price Regulation No. 510 in addition to Maximum Price Regulation No. 88, as amended, and was not pleaded in the original complaint, seems unimportant. A change or addition in the legal theory of the action is not necessarily fatal. Tiller v. Atlantic Coast Line R. Co., supra [323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465]; United States v. Memphis Cotton Oil Co., supra [288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619]; Missouri, K. T. Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. Because the modification and addition of the legal theory here does not require any new general transaction, occurrence, or conduct to support recovery thereunder, the addition does not seem fatal."

▮ In Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L. Ed. 465, the Supreme Court clearly indicates that the statute of limitations cannot bar an amendment to a complaint where both the original complaint and the amendment relate to the same general conduct and transaction.

Accordingly, the plaintiff's motion to amend the complaint is hereby granted.