E. J. SHAMBLEY AND WIFE, NEVA C. SHAMBLEY v. JOBE-BLACKLEY PLUMBING AND HEATING COMPANY, TOMLINSON COMPANY, INC., AND REPUBLIC-TRANSCON INDUSTRIES, INC.

(Filed 19 May, 1965.)

1. Insurance § 86;   Parties § 2—

An action must be prosecuted by the real party in interest, and where insurer has paid insured the entire loss, an action against the third person tort-feasor cannot be maintained in the name of the insured, regardless of any contractual agreement between insured and insurer.

2. Parties § 6—

Where an action to recover a loss entirely compensated by insurance is brought in the name of insured, the court is without authority to allow an amendment to permit the insurer to be made an additional party plaintiff and be permitted to adopt the complaint, since the court may not allow an amendment effecting a substitution or entire change of parties.

APPEAL by plaintiffs from *May, S. J.*, December, 1964 Civil Session, DURHAM Superior Court.

The plaintiffs, husband and wife, instituted this civil action seeking to recover from the defendants (manufacturer, distributor, and installment contractor) for the damages to their new home resulting from the explosion of a defective water heater which the defendants had warranted to be safe and suitable for home use in heating water. The heater exploded on May 21, 1961, causing extensive damages to the house and furnishings.

The defendants filed answers denying liability and pleading as further defenses:

"1.   That this defendant is informed and believes and therefore alleges upon information and belief that the United States Fidelity and Guaranty Company paid to the plaintiffs, prior to the institution of this action, the full amount sued for in this action; to-wit, Three Thousand Eight Hundred Sixty-three and 32/100 ($3,863.32) Dollars for the damages which the plaintiffs allege in this action that they have sustained. That the plaintiffs, therefore, are not the real parties in interest in this action."

The plaintiffs, on September 14, 1964, moved to strike the further defenses upon the ground, "That the plaintiffs are the assignors of their claims against the defendants, having assigned said claim to United States Fidelity and Guaranty Company, their insurer, and the plaintiffs and the said insurer, contracted between themselves that the action on said claim might be brought in the name of the plaintiffs under said assignment and subrogation.

"THAT the plaintiffs are the real parties in interest in this action as assignors of their claim, and are entitled to institute this action in their name."

At the hearing the court intimated its purpose to dismiss the plaintiffs' suit on the ground they are not the real parties in interest. Thereupon the United States Fidelity and Guaranty Company filed a motion for permission to become an additional party plaintiff, adopting the plaintiffs' complaint as their own. The court entered this order:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, IN THE DISCRETION OF THE COURT, that the motion of United States Fidelity and Guaranty Company to join in this action as a party plaintiff and to adopt the complaint filed herein by the plaintiffs be and the same is hereby denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the defendants, and each of them, that this action be dismissed for that the plaintiffs are not the real parties in interest in this action be and the same is hereby allowed, and this action is dismissed at the cost of the plaintiffs."

The plaintiffs excepted and appealed.

*Bryant, Lipton, Bryant & Battle by Victor S. Bryant, Jr., for plaintiff appellants and United States Fidelity and Guaranty Company.*

*Spears, Spears & Barnes by Marshall T. Spears for defendant Jobe-Blackley Plumbing and Heating Company, appellee.*

*Newsom, Graham, Strayhorn & Hedrick by Josiah S. Murray, III, for defendant Tomlinson Co., Inc., appellee.*

*Teague, Johnson & Patterson by Robert M. Clay for defendant Republic-Transcon Industries, Inc., appellee.*

HIGGINS, J. The plaintiffs' assignments of error present these questions: (1) Did the court commit error by dismissing the plaintiffs' action? (2) Did the court commit error by refusing to permit United States Fidelity and Guaranty Company to make itself an additional party plaintiff, adopt the plaintiffs' complaint, and proceed with the trial?

The plaintiffs' counsel concede their insurer, the United States Fidelity and Guaranty Company, has paid in full the entire loss which the plaintiffs sustained as a result of the exploding water heater. "When the insurance paid the insured covers the loss in full, the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation against the tort-feasor. This is true because the insurance company in such case is entitled to the entire fruits

of the action, and must be regarded as the real party in interest under the statute, codified as G.S. 1-57, which specifies that 'Every action must be prosecuted in the name of the real party in interest.'" *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231; *Insurance Co. v. Spivey,* 259 N.C. 732, 131 S.E. 2d 338; *Herring v. Jackson,* 255 N.C. 537, 122 S.E. 2d 366; *Smith v. Pate,* 246 N.C. 63, 97 S.E. 2d 457; *Cunningham v. R. R.,* 139 N.C. 427, 51 S.E. 1029.

The assignment by plaintiffs to their insurer attempting to authorize the suit in plaintiffs' name neither created nor transferred any new cause of action against the defendants. Without written assignment equity transfers to the insurer the right to sue the tort-feasor whose primary liability the insured had discharged. " 'The payment of a total loss by the insurer works an equitable assignment to him of the property and all remedies which the assured had . . . for the recovery of its value.' . . . This right is not dependent upon, nor does it grow out of any privity of contract. . . . 'The rights acquired by subrogation do not depend upon a written assignment of the claim. Upon payment of the insurer, the insurance company is regarded as an assignee in equity.' " *Cunningham v. R. R., supra.*

The defendants have the right to demand that they be sued by the real party in interest and by none other. Upon the admission that plaintiffs have been paid in full, the order dismissing the action as to them was mandatory.

Did the court commit error in refusing the application of United States Fidelity and Guaranty Company that it be made an additional party plaintiff and be permitted to adopt the plaintiffs' complaint? Having decided the plaintiffs cannot maintain this action, the court, even under its broad power to allow amendment, was without power in this case to permit the addition of a new party whose presence before the court might bring back to life a dead cause of action. "The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff." *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761; *Exterminating Co. v. O'Hanlon,* 243 N.C. 457, 91 S.E. 2d 222. "Ordinarily, an amendment of process and pleading may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party. . . . But not so where the amendment amounts to a substitution or entire change of parties." *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559.

The foregoing, and numerous other authorities, sustain the action of the court in denying permission to the United States Fidelity and Guaranty Company to make itself an additional party plaintiff.

Affirmed.