440 P.2d 113

**The TUCSON GAS, ELECTRIC LIGHT & POWER COMPANY, a corporation, Appellant,**

v.

**The BOARD OF SUPERVISORS OF PIMA COUNTY, Arizona, a body politic, Appellee.**

**No. 2 CA–CIV 199.**

Court of Appeals of Arizona.

April 24, 1968.

Rehearing Denied May 24, 1968.

Review Denied June 25, 1968.

**430**

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellee.

MOLLOY, Judge.

Two members of the court who concurred in the original opinion in this action now believe that the disposition directed was improper. Accordingly, we are joining in a decision that a different disposition be made.

Before going to the matter of the modification of the opinion, we believe it appropriate that a few statements be directed to the appellee's contention on rehearing that there is no showing in this record that the plaintiff, Pima County, was fully compensated for its loss in connection with this alleged tort. We believe this contention is met by the stipulation of plaintiff's counsel at the commencement of the trial:

"Counsel stipulate that the amount of the loss is $68,591.90.[1]

"ORDERED Motion to Dismiss for Failure to Add Indispensible [sic] Party is denied.

"Mr. Rees stipulates for the purposes of the Motion only and not for any Jury purposes that the Insurance Companies named in the Answer to Interrogatory # 22 are the companies *which paid the amount of the stipulated damages.*"[2] (Emphasis added)

1. At the pretrial conference, held 56 days prior to trial, the following minute entry was made:

"AMOUNT OF THE CLAIM: $68,591.90."

2. The insurance companies named in the answer to interrogatory # 22 are:

"a. Employer's Fire Insurance Company
Al Kuhn Agency
220 South Tucson Boulevard
Tucson, Arizona

"b. Fireman's Fund Insurance Company

Tucson Realty & Trust Company
316 Valley National Bank Building
Tucson, Arizona
"c. Glenn Falls Insurance Company
Winston Reynolds Agency
Luhrs Arcade
Phoenix, Arizona
"d. Glenn Falls Insurance Company
Great Southwest Realty & Trust Company
Luhrs Arcade
Phoenix, Arizona
"e. Home Insurance Company
Carl Miller Agency
3404 North Central Avenue
Phoenix, Arizona"

It is the plaintiff's contention that the bringing of this action in the name of a party with no interest in the lawsuit is a "mere technical" irregularity which can now be corrected on appeal by ordering the substitution of the insurance companies who had paid this loss. We do not regard this defect as purely technical.

The instant action was hotly contested on the question of liability and the proof is far from overwhelming that the defendant is liable for the loss sustained. Often the result reached by a trial jury hangs on an insignificant difference. The insistence of counsel for the plaintiff in this action that, despite unanimity of court pronouncements to the contrary, this action be brought in the name of Pima County, and tried to a jury composed of citizens of Pima County, indicates that, at least in the mind of counsel, there was a distinct advantage in so doing. We agree with his judgment in this respect; we also believe there was an advantage gained. Under the real-party-in-interest law as applied to the undisputed facts, this was an advantage to which the real plaintiffs were unentitled.

However, it is not often that substantive rights of litigants are lost for the taking of an ill-advised position which a trial court erroneously adopts. Under the disposition heretofore ordered by this court, there would be a complete forfeiture of any right to recover by the insurance companies who paid this fire loss. It is now too late to commence a new action for an alleged act of negligence occurring prior to May 4, 1962.[3]

There is a division of authority as to whether insurer-real-parties-in-interest may amend pleadings previously filed in the name of the insured so as to substitute parties plaintiff and have relation back insofar as the statute of limitations is concerned to the filing of the original complaint. We believe the better view to be that adopted in the decision relied upon in the opinion heretofore released by this court, Link Aviation, Inc. v. Downs, 117 U.S.App.D.C. 40, 325 F.2d 613 (1963), from which opinion we now quote:

"Accordingly, the parties to this appeal agree that since the insurers in this case settled the claim in full on April 20, 1959, the original action should have been brought in their names rather than in the names of the insureds, who filed the complaint. From this the defendants, in effect, argue that the filing of the first complaint was of no legal effect and that insofar as the insurers are concerned the suit must thus be regarded as having been instituted with the filing of the motion to amend to substitute parties, by which time the statute of limitations had run. * *

"We think, however, that the suit must be construed as having been brought by the insureds for the use of the insurers who had then become subrogated to the rights of the nominal plaintiffs. American Fid. & Cas. Co. v. All American Bus Lines, 190 F.2d 234 (10th Cir.), cert. denied, 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951); Kansas Elec. Power Co. v. Janis, 194 F.2d 942 (10th Cir. 1952). * * We are of like opinion, that is to say that though brought in the name of the insureds, this suit was not a nullity, since, as we hold, it was brought for the use of the real parties in interest. It was thus not so lacking in validity as to furnish no support for a motion to bring it into compliance with Rule 17(a). Any other rule would be highly technical without meaningful purpose." 325 F.2d at 614–615.

Admittedly, *Link Aviation* is distinguishable in that it was concerned with a pre-trial motion. However, it is the view of the majority of the court that the fact that a mistrial has occurred, because of an erroneous ruling by the trial court, does not change the substantive rights of the parties

---

3. Applicable statute of limitation would appear to be A.R.S. § 12–542 providing for a two-year limitation.

to the drastic degree contemplated by our original opinion.

Accordingly, the opinion heretofore issued is modified in that portion pertaining to the disposition of the case and in this regard it is directed that the judgment below be reversed with instructions to the trial court to permit the real parties in interest to file an amended complaint within a reasonably prompt time after the remand of this action to the trial court, which amended pleading will have relation back to the filing of the original complaint. Rule 15(c), R.Civ.P., 16 A.R.S.

The rendition of this opinion is to be regarded as the granting of a "rehearing," within the contemplation of A.R.S. § 12–120.24 and Rule 47, Rules of the Supreme Court, 17 A.R.S. See Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183 (Tex.1964). Except as herein modified, the original opinion is adopted and reaffirmed. Both parties to this appeal shall have fifteen days from date hereof in which to file a motion for rehearing as to the opinion now rendered.

HATHAWAY, C. J., concur.

KRUCKER, Judge (dissenting).

I adhere to the view expressed in the original opinion that the action is barred by the statute of limitations and cannot be revived by substitution of parties at this late date. This view is perhaps best expressed in a recent North Carolina case, Shambley v. Jobe-Blackley Plumbing and Heating Co., 264 N.C. 456, 142 S.E.2d 18, 13 A.L.R.3d 224 (1965). The North Carolina court affirmed the trial court's dismissal of a suit brought in the name of a fully subrogated insured, relying on a real party in interest statute identical to our Rule 17 (a). They said:

"The defendants have the right to demand that they be sued by the real party in interest and by none other. Upon the admission that plaintiffs have been paid in full, the order dismissing the action as to them was mandatory.

"Did the court commit error in refusing the application of United States Fidelity and Guaranty Company that it be made an additional party plaintiff and be permitted to adopt the plaintiffs' complaint? Having decided the plaintiffs cannot maintain this action, the court, even under its broad power to allow amendment, was without power in this case to permit the addition of a new party whose presence before the court might bring back to life a dead cause of action. 'The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff.' [Citations omitted] 'Ordinarily, an amendment of process and pleading may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party. * * *. But not so where the amendment amounts to a substitution or entire change of parties.'" [Citations omitted]

See also, National Fire Insurance Co. v. Pettit–Galloway Co., 157 Ark. 333, 248 S.W. 262 (1923).

It is hard to imagine a case more suitable for the application of Rule 17(a). Pima County was not the real party in interest and the statute of limitations operated to bar the substitution of the insurance companies who were. The rehearing should be denied.