**Reita HOLMES et al., Plaintiffs,**

v.

**PENNSYLVANIA NEW YORK CENTRAL TRANSPORTATION COMPANY, Defendant.**

Civ. No. 2033.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Dec. 16, 1969.

**450**

Hinkle, Abromson & Mosier, Portland, Ind., Richard C. Ver Wiebe, Fort Wayne, Ind., for plaintiffs.

J. A. Bruggeman and J. Michael O'Hara, Fort Wayne, Ind., for defendant.

## ORDER

ESCHBACH, District Judge.

This diversity wrongful death action is before the court upon defendant's motion for summary judgment. Essentially, defendant contends that under Indiana law plaintiffs' original complaint did not state a cause of action, that their amended complaint states a new cause of action and does not relate back, and that therefore plaintiffs' action was not filed within the time specified in the Indiana Wrongful Death Act. Ind.Ann. Stat. §§ 2–403 and 2–404 (Burns' 1967 Repl.). The issue presented by defendant's motion is whether the amended complaint relates back to the date of the filing of the original complaint for the purpose of determining whether the action was commenced within the time required by the governing Indiana statute creating the right of action. For the reasons discussed below, defendant's motion for summary judgment will be denied.

This action was filed on October 15, 1968 by the wife and minor child of a decedent and sought damages which allegedly arose out of the decedent's wrongful death on February 17, 1967 from a collision between the automobile he was driving and defendant's train. On July 8, 1969, defendant filed a motion for summary judgment on the grounds that these original plaintiffs lacked the capacity to bring an action since the Indiana Wrongful Death Act specifies that only the "personal representative" of the decedent may bring an action for wrongful death. Ind.Ann. Stat. § 2–404. During oral argument upon that motion, plaintiffs' counsel admitted that decedent's wife and minor child lacked capacity to bring a wrongful death action. In an order entered on July 28, 1969, plaintiffs were granted leave under Rule 17(a), Fed.R.Civ.P., to obtain the appointment of a personal representative of the decedent. In an order entered on August 13, 1969, the court granted plaintiffs' motion to add Jack Holmes, a duly qualified personal representative of decedent, as an additional plaintiff and to amend the complaint accordingly.

On November 6, 1969, defendant again moved for summary judgment on the grounds that under Indiana substantive law its liability, if any, under the Wrongful Death Act, for the collision between its train and decedent's automobile terminated on February 17, 1969, a date prior to the filing of the *amended* complaint. Defendant argues that the original complaint did not state a cause of action under Indiana law and that the amended complaint constituted a new cause of action. *See* Baltimore & O.S. W. R.R. v. Gillard, 34 Ind.App. 339, 71 N.E. 58 (1904) (reh. denied, trans. denied). Defendant maintains that under Indiana law, the amended complaint which added Jack Holmes, the personal

representative, as a plaintiff would not relate back and therefore this action would be barred by the two-year period of limitations contained in the statute creating the cause of action. *See, e.g.,* City of Hobart v. Baum, 237 Ind. 316, 145 N.E.2d 573 (1957); Hawthorn v. State ex rel. Harper, 57 Ind. 286 (1877).

This court need not decide whether the defendant's contentions are supported by Indiana law because defendant's assumption that Indiana law determines whether plaintiffs' amended complaint relates back is erroneous. In light of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), defendant's reliance upon Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079 (1945) is misplaced.

Rule 15(c) of the Federal Rules of Civil Procedure provides in part:

> "*Whenever* the *claim* \* \* \* asserted in the amended pleading *arose out of the conduct, transaction, or occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added).

The Advisory Committee note on the 1966 amendment to Rule 15(c) states in part:

> "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) [provides] that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated." 28 U.S.C.A. Rule 15 (1969 Supp. at 123).

From the language of Rule 15(c) and the Advisory Committee's notes, the question of relation back before this court is fully and fairly covered by the Federal Rules of Civil Procedure as amended in 1966.

In Hanna v. Plumer, 380 U.S. 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court decided whether in a diversity action against an executor service of process should be made upon defendant's wife at his place of residence as permitted by Rule 4(d) (1), Fed.R.Civ. P., or by the "in hand" method required by state law which created the action against the executor. The lower court had dismissed the action, holding that the state requirement of personal notification was substantive and under the authority of *Ragan* and *York* the state law must therefore be followed. In reversing, the Court explained that *Ragan* and *York* did not hold that *Erie* commanded the displacement of a Federal Rule by an inconsistent state law since those cases did not involve a Federal Rule which covered the point in dispute. *Id.* at 469–470, 85 S.Ct. 1136. The Court reasoned that if a Federal Rule of Civil Procedure governed a matter of practice or pleading in federal courts, then the Rules must be applied even if a

substantive state rule would require a different result.

"It is true that both the Enabling Act [28 U.S.C. § 2072 (1958 ed.)] and the *Erie* rule say, roughly, that federal courts are to apply state 'substantive' law and federal 'procedural' law, but from that it need not follow that the tests are identical. For they were designed to control very different sorts of decisions. When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie choice: the court has been instructed to apply the Federal Rules, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions. * * * [T]he constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Id.* at 471–472, 85 S.Ct. at 1144 (footnotes omitted).

Thus, if Rule 15(c) neither exceeds the congressional mandate embodied in the Rules Enabling Act nor transgresses constitutional bounds, then this Federal Rule, and not the state law, determines whether an amendment relates back. *See id.* at 463–464, 85 S.Ct. 1136. No attack is made, nor is any reason apparent, why this Rule is not within the constitutional and statutory powers given to the Supreme Court to adopt rules of procedure.

It is clear from the language of Rule 15(c) that the Federal Rules have shifted the emphasis from state theories of law and what under state law may constitute different causes of action to the specific conduct of the defendant upon which the plaintiff relies to enforce his claim. 3 MOORE, FEDERAL PRACTICE § 15.15[3] (1968). There is no argument that the conduct, transaction or occurrence test of Rule 15(c) is not met in this case. Therefore, the amended complaint relates back to the date of the original complaint and the action was timely commenced. The fact that under Indiana law such an amendment may not relate back is not relevant to this court's decision under Rule 15(c). *See* Crowder v. Gordons Transports, Inc., 387 F.2d 413 (8th Cir. 1967) (amendment changing capacity in which plaintiff sued under Missouri Wrongful Death Act relates back notwithstanding contrary result under state law); Longbottom v. Swaby, 397 F.2d 45 (5th Cir. 1968, reh. denied) (amendment changing capacity in which plaintiffs sued under Florida Wrongful Death Act relates back).

This court holds that the Federal Rules of Civil Procedure control on the relation back issue and that under such rules, the amended complaint relates back to the filing of the original complaint. Crowder v. Gordons Transports, Inc., *supra;* Longbottom v. Swaby, *supra.* The original complaint was filed within the time prescribed by the applicable Indiana statute.

Accordingly, defendant's motion for summary judgment is denied.