489 P.2d 236

Elmer C. SOLOMON, in his individual capacity, et al., Appellants,

v.

Ronald William HARMAN et al., Appellees.

No. 10333.

Supreme Court of Arizona,
In Division.
Sept. 30, 1971.

Rehearing Denied Oct. 27, 1971.

Gorey & Ely by Stephen L. Weiss, and Jeffrey D. Bonn, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph.E. Hunsaker, Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from an order of the Superior Court in a wrongful death action dismissing as parties plaintiff the surviving brothers and sisters and the foster parents of the deceased, Paul Conrad Cargo, a minor.

In this appeal we are concerned with the right to be a plaintiff in a wrongful death action (i. e. the right for an action to be brought "by and in the name of"); the right to be a beneficiary in a wrongful death action (i. e. the right to. be entitled to recover); and the constitutionality . of the wrongful death statute in its operation as to the foster parents.

The facts necessary for a determination of this matter on appeal are as follows. The deceased, Paul Conrad Cargo, age 17, was killed as the result of an automobile accident in which the defendant, Ronald William Harman, was the allegedly negligent driver. Decedent resided with his

foster parents, Elmer C. Solomon and Betty Solomon, husband and wife, as did Virgil Cargo and Lois Cargo, brother and sister of the deceased. Decedent's mother, Rebecca Cargo, was alive but mentally incompetent, and institutionalized in Pennsylvania. For reasons not apparent from the record, the natural father is not mentioned and not a party to this action. We will not, therefore, consider any rights he might have.

The defendant moved to dismiss as to the foster parents and the brothers and sisters. The order granting the motion read in part as follows:

"IT IS ORDERED that the amended complaint be dismissed as to all parties-plaintiff, except as to Irene Smith, guardian of Rebecca Cargo, (and/or except as to Elmer C. Solomon, Administrator of the Estate of Paul Conrad Cargo, on behalf of Irene Smith, guardian of Rebecca Cargo), and except as to Elmer C. Solomon, Administrator of the Estate of Paul Conrad Cargo on behalf of the Estate, but in this latter instance only for the purpose of the Administrator claiming funeral and burial expenses. * * *"

Notice of appeal was filed by all those dismissed.

## RIGHT TO BE A PARTY PLAINTIFF

■ The right of action for wrongful death is purely statutory and the action must be brought in the names of the persons to whom the right is given by statute. Barragan v. Superior Court, Pima County, 12 Ariz.App. 200, 469 P.2d 92 (1970). Accordingly, the statute provides as follows:

"§ 12–612. Parties plaintiff; recovery; distribution

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person * * *.

"B. The father, or in the case of his death or desertion of his family, the mother, may maintain the action for death of a child, and the guardian for death of his ward."

Arizona's wrongful death statutes clearly differentiate between the right to be a plaintiff in the action (i. e. "by and in the name of") and the right to be a beneficiary of that action (i. e. "for and on behalf of").

The following are proper parties plaintiff:

1. The surviving husband or wife (§ 12–612A), or

2. the personal representative (§ 12–612A), or

3. the parent (in preferential order) (§ 12–612B), or

4. the guardian (§ 12–612B).

The proper parties plaintiff in the case of a deceased unmarried minor are either the personal representative, parent, or guardian. § 12–612, subsecs. A and B.

This court has previously stated in affirming the action of the trial court in denying a motion to amend the complaint in a wrongful death action to include as parties plaintiff the dependent parents of the deceased where there was a surviving wife and minor children:

" * * * [T]here is no ambiguity in this statute which cries out for the wizardry of statutory construction. * * * [W]e find the words to be plain and their meaning to be evident. * * *." Lueck v. Superior Court, County of Cochise, 105 Ariz. 583, 585, 469 P.2d 68, 70 (1970).

In the instant case, there being a surviving mother, the trial court properly dismissed all other parties as plaintiffs other than the mother and the administrator for purposes of funeral and burial expenses. § 14–682 A.R.S.

## THE RIGHT TO BE A BENEFICIARY

The determination of proper parties plaintiff does not, however, dispose of the right to recover:

"The right to maintain an action for wrongful death must not be confused with the right to share in the distribution of the amount recovered. So the question of who may bring or maintain an action for wrongful death must be distinguished from that of those for whose benefit the action is brought or recovery sought, or of those who are entitled to share in the recovery." 25A C. J.S. Death § 32, p. 642.

The pertinent part of § 12–612 subsec. A A.R.S., as amended in 1956, provides as follows:

"An action for wrongful death shall be brought * * * *for and on behalf of* the surviving husband or wife, children or parents, *or if none of these survive,* on behalf of the decedent's estate." (Emphasis added)

The statutory language of the 1956 amendment is an evolutionary product. That evolution began in 1887 with the adoption of our original wrongful death act. §§ 2145, et seq., R.S.A.1887. This court has previously noted that the 1887 act "followed Lord Campbell's act in all essential respects", and:

"The salient features of this act, therefore, are: 1. That it creates a new cause of action, and this action is for the death of the person injured; 2. That the action is for the *exclusive* benefit of certain designated members of the family of the deceased; 3. The damages recoverable are such as result to the beneficiaries from the death." Southern Pacific Co. v. Wilson, 10 Ariz. 162, 165, 85 P. 401, 402 (1906). (Emphasis added)

The recovery under the 1887 act was "divided among the persons entitled to the benefit of the action * * * in such shares as the jury shall find by their verdict." § 2155 R.S.A.1887.

In 1901, however, the substance of the action was changed. § 2765 R.S.A. of 1901. The 1887 act was repealed. The new section provided for the action to be brought "by and in the name of the personal representative", "preferred" parent, or guardian, to be "distributed to the parties and in the proportions provided by law for distribution of personal estate left by persons dying intestate." Southern Pacific Co. v. Wilson, supra at 169, 85 P. at 403. Of this change this court noted:

"We think the statute of 1901 can only be construed as creating an action for the benefit of the estate, the damages recoverable to be distributed as assets of the estate, not subject, however, to debts. The fact that the act does not in terms state that the action is for the benefit of the estate, or that the damages are such as result to the estate, or that the act provides that such damages are not to be subject to the debts of the deceased, does not authorize us, in effect, to read back into the statute a provision that the action is for the benefit of the beneficiaries." Southern Pacific Co. v. Wilson, supra at 169, 85 P. at 403.

To summarize, under the 1887 act, which was a codification of Lord Campbell's Act, it was necessary to show the existence of the beneficiaries named in the statute. The measure of damage was the loss to designated beneficiaries and the proceeds of the action went to the said beneficiaries. In the 1901 statute, it was not necessary to show the existence of any beneficiaries but only to show a wrongful death and the measure of damages was to the estate (in other words, the value of the life lost. Carlson v. Oregon Short Line & U. N. Ry. Co., 21 Or. 450, 28 P. 497 [1892]). The proceeds went to the estate to be distributed according to intestate succession.

The 1956 amendment fused these two theories providing:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for

and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate." § 12–612, subsec. A, A.R.S.

What then was the net effect of this fusing? Did it authorize the court in effect to read back into the statute a provision that the action was for the benefit of the beneficiaries? Quite obviously it did, but only if there were surviving beneficiaries as named in § 12–612, subsec. A. The amendment provided for a cause of action for and on behalf of certain designated members of the family "or if none of these survive, on behalf of the decedent's estate." § 12–612, subsec. A. It would appear then that if the beneficiaries as designated in § 12–612, subsec. A survive, the court may proceed, as in Lord Campbell's Act and the 1887 statute, for and on behalf of the designated beneficiaries. If none of these designated beneficiaries survive, then the action may be brought on behalf of the estate as provided in the 1901 statute.

■■ The estate, then, is a beneficiary only if none of those named beneficiaries survive. The result of the 1956 amendment was to provide alternative benefits to either the named beneficiaries or the estate. As we previously stated:

"There are two distinct proceedings under our wrongful-death statutes. One is a claim for damages to the survivors; the other is for damages to the estate." In Re Estate of Milliman, 101 Ariz. 54, 59, 415 P.2d 877, 882 (1966).

Therefore, an action for wrongful death may be brought by a proper party for and on behalf of the following only:

1. surviving husband or wife,
2. children,
3. parents,
4. or if none of the above survive the estate of the decedent.

■ This brings us to the question of determining the measure of damages:

"§ 12–613. Measure of damages; nonliability for debts of decedent

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate. As amended Laws 1956, Ch. 46, § 2."

§ 12–613 A.R.S. allows the jury to give damages for the injuries to the surviving parties who may be entitled to recover and § 12–612, subsec. C, A.R.S. directs the amounts collected to be distributed to those persons set forth in subsection A of § 12–612 A.R.S. in proportion according to intestate succession. In other words, the damages are based on the loss to the parties named in § 12–612 A.R.S. as being entitled to recover (surviving spouse, children, or parents). In the case before this court, the only way the brothers and sisters could be beneficiaries would be if the persons designated as beneficiaries in § 12–612, subsec. A, A.R.S. had not survived and even then under these statutes the measure of damages would not be the loss the brothers and sisters had sustained, but the loss to the estate which would then be distributed according to intestate succession in equal portions.

■ It is clear that the legislature intended that as long as there existed a surviving spouse, child or parent, then brothers, sisters, cousins, aunts, uncles, grandparents, and others should not recover any amount or to have their loss be a measure of the damages for the wrongful death.

Although there may be an element of unfairness as applied to the facts in this case, we cannot say that this works an "invidious discrimination" in this case.

Lueck, supra; Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

" * * * [T]he persons for whose benefit the action may be maintained are divided into classes based upon their natural dependence on the deceased. The right of action inures for the benefit of the first preferred class * * *, and, *if there are none,* then for the benefit of the class next in line of preference. * * * The wife, husband, parents and children of the deceased are sometimes grouped in the first class and the heirs at law or distributees of the decedent in the second class." 22 Am.Jur.2d, Death § 48, p. 641–642. (Emphasis added)

Such is the rationale assumed in our recognition of the return to the 1887 members-of-the-family recovery noted in Milliman, supra. Such distinctions between classes we find to be both cognizable and rationally considered by the legislature.

## CONSTITUTIONALITY AS TO THE FOSTER PARENTS

■■ Appellant alleges, particularly as to the foster parents, that a failure to include them as proper parties plaintiff or to allow them to share in the recovery, is a denial of due process and equal protection. In support thereof, appellant notes that the foster parents stood in loco parentis; provided care, protection and guidance; and received love and affection from their foster son. In short, appellant urges the word "parent" of § 12–612, subsec. A, A.R.S. should not be read with stultifying narrowness. While we stand in full appreciation of the loss of the foster parents in this case, it is not a compensable loss under our statutes.

The general rule may be summarized as follows:

"One standing merely in loco parentis, notwithstanding his or her undertaking to care for and support the child under his or her own roof, is not the child's

'father' (if a man), or 'mother' (if a woman), within the meaning of the death statute * * *." 56 A.L.R. 1349, 1350.

And:

"The term 'parent' as so employed is construed to mean the lawful or natural father or mother, and one in loco parentis who is neither the natural or adoptive parent cannot recover for the death of a child. * * *" 25A C.J.S. Death § 34(2), p. 659.

We are dealing here with differentiation of and discrimination between categories. One of these, the "natural" parent, has rights and responsibilities, i. e. duties, fixed by law. See §§ 13–801, 14–206 A.R. S.; Barrett v. Barrett, 44 Ariz. 509, 39 P. 2d 621 (1934). Those in loco parentis, however, have no legal duty to support vis a vis the child. See Magma Copper Co. v. Aldrete, 70 Ariz. 48, 216 P.2d 392 (1950); or, upon assumption of that duty, they may be free to cast such obligation at any time. Estate of Harris, 16 Ariz. 1, 140 P. 825 (1914); Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953). While we may find it anomolous that we deliver a type of "reward" to those who perform obligations under a legal duty but deny that benefit to one who voluntarily assumes that duty, we do not see this as an unreasonable, invidious discrimination.

§ 12–612, subsec. A A.R.S. "parents", as herein interpreted, separates those who possess the entirety of parental rights and obligations from those who do not. We find this to be a reasonable separation:

"Nothing short of adoption in accordance with legal requirements will, however, enable a foster parent to maintain an action for the death of an adopted child. Hence, where a child has been cared for since early youth, and treated as a natural child, but no adoption proceedings have been had, an action may not be maintained." Goss v. Franz,

(Tex.Civ.App.), 287 S.W.2d 289, 290 (1956).

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.