566 P.2d 693

Chester WATTS and Ernestine Watts as Guardians of Michelle Lynn Keener, a minor, and Ray C. Brown, as personal representative of the Estate of Clayton E. Keener, Deceased, on behalf of Michelle Lynn Keener, a surviving child, Appellants,

v.

STATE of Arizona and the Ford Motor Company, a Delaware Corporation, Appellees.

No. 1 CA–CIV 3229.

Court of Appeals of Arizona, Division 1, Department B.

May 12, 1977.

Rehearing Denied June 27, 1977.

Review Denied July 12, 1977.

Messing, Franklin & Feulner, P.C., by William Messing, George J. Feulner, Risner, Wolf & Raven, by Roger Wolf, Tucson, for appellants.

Bruce E. Babbitt, Atty. Gen., and Jones, Teilborg, Sanders, Haga & Parks, P.C. by Terrence P. Woods, Phoenix, for appellee State of Arizona.

Murphy, Vinson & Hazlett by John U. Vinson, Tucson, for appellee Ford Motor Co.

## OPINION

SCHROEDER, Presiding Judge.

This case arises out of a one-car automobile accident in which Michelle Keener, a minor, was injured, and her parents and sister were killed. Well within the two-year statute of limitation period, an action was filed against the State and against the Ford Motor Company, the manufacturer of the automobile. The complaint, filed on Michelle's behalf by her guardian, sought damages for Michelle's own injuries, as well as damages for the deaths of the members of her family.

After the expiration of the statutory period, there were attempts by way of amendment to the complaint to correct and amplify the wrongful death actions. This appeal involves whether, under the provisions of Rule 15, Arizona Rules of Civil Procedure, such amendments should have been permitted to relate back so as to allow maintenance of the wrongful death claims. The trial court, upon motions of the State and the Ford Motor Company, dismissed all of the wrongful death claims, and this appeal followed. Ford has not participated in the appeal.

We conclude that the amendments should have related back, and that the trial court erred in dismissing the wrongful death claims for the deaths of Michelle's mother and father. Since our statutes recognize no claim for the wrongful death of a sister, the dismissal of the claim for the sister's wrongful death is affirmed.

The procedural background of the appeal is as follows. The accident occurred in December 1972. The first amended complaint, filed well within the statutory period by Michelle's guardian, set forth a properly alleged claim against both the State and Ford Motor Company for Michelle's own injuries. It also purported to set forth wrongful death claims. As against the

Ford Motor Company, claims were asserted for the deaths of both the parents and the sister. With respect to the State, the complaint purported to assert claims only for the death of the mother and sister.

However, that complaint, as a result of apparent mistakes in drafting, was from plaintiffs' standpoint deficient in two respects: First, the wrongful death claims were not brought in the name of the personal representative of the decedent as required by our wrongful death statute, A.R.S. § 12–612, and second, with respect to the State, there was no description in the body of the complaint of any claim for the wrongful death of the father, but only for the deaths of the mother and sister.

After the expiration of the statutory period, the complaint was amended, without objection by the defendants, to add or substitute the proper party plaintiff in the action for the wrongful death of the father, i.e., Ray Brown, the personal representative of the estate of the deceased. The defendants then moved to dismiss all the wrongful death claims against them on the ground that the amendments could not relate back to the filing of the complaint, and that therefore there was no timely proper assertion of any wrongful death claims. In resisting that motion, the appellants offered an additional amendment setting forth the claim against the State for the wrongful death of the father and describing Brown as the personal representative of the estates of both the father and the mother. That amendment was not permitted. The trial court, apparently concluding that the amendments were too late, dismissed all the wrongful death claims.

In this appeal, we are thus called upon to determine first whether the amendments substituting the proper plaintiff in the wrongful death claims should have related back. If so, we must also determine whether the amendment alleging the claim against the State for wrongful death of the father should also have been permitted to relate back.

In answering both these questions, we must be guided by Rule 15(c), Arizona Rules of Civil Procedure, pertaining to the relation back of amendments. That Rule provides:

"15(c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Service of process in compliance with Rules 4(d)(7) or (8) satisfies the requirement of clauses (1) and (2) hereof with respect to the state, county, municipal corporation or any agency or officer thereof to be brought into the action as a defendant."

We turn first to the amendments adding the proper party plaintiff in the wrongful death claims. Our Rule 15 is the same as the federal rule and is taken directly from it. We note initially that while the rule itself does not specifically refer to a change in plaintiffs, the principles enunciated therein with respect to changing defendants have been held equally applicable with respect to plaintiffs. See 6 Wright & Miller, *Federal Practice and Procedure* § 1501.

The rule is a liberal one which contemplates that a change in parties should relate back (a) where the claim amended arises out of the same transaction or occurrence described in the original pleading, (b) where because the defendant has had ample notice of the nature of the claim being asserted, there is no prejudice in the ability of the defendant to defend the amended complaint on the merits, and (c) where the initial

failure to designate the appropriate party was the product of a mistake.

In this case, the amendments to substitute the proper plaintiff clearly related to the same accident which was the subject of the original complaint. There is also no question that the defendant had notice that wrongful death claims were being asserted, for the body of the complaint sought to be amended referred expressly to claims for wrongful death. Nor is there any suggestion that the omission of the proper party plaintiff in the wrongful death action was anything other than a mistake. In short, applying the principles of Rule 15(c), we find no reason why the amendment should not have been permitted to relate back.

Even before the liberalizing amendments to Rule 15, it was well established that amendments substituting or adding new parties should relate back where the new and old parties have identity of interests so as to prevent any actual prejudice by virtue of the amendment. As stated by Professor Moore, that principle is as follows:

"The general rule is that 15(c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the court by the original pleadings—whether plaintiff or defendant. The reasoning is that such an alteration amounts to the assertion of a new cause of action and if an amendment were allowed to relate back in that situation the purpose of the statute of limitations would be defeated.

"An exception to the above rule developed, however, in favor of relation back, both as to plaintiff and defendant, when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial. As with misnomer and change of capacity, the rationale is that the statute of limitations should not be used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." (3 J. Moore, *Federal Practice* ¶ 15.15, at 1041–45 (2d ed. 1974)). (Footnotes omitted).

Here the claims at all times were being pursued for the benefit of the surviving child. See A.R.S. § 12–612(A). The substitution of the personal representative of the decedents as plaintiff was no more than a change of the nominal party plaintiff after the State had full notice that Michelle had suffered the actual loss. Such an amendment should relate back. Cases permitting the relation back of amendments adding or substituting the proper plaintiff in a wrongful death action include *Russell v. New Amsterdam Casualty Company,* 303 F.2d 674 (8th Cir. 1962); *Holmes v. Pennsylvania New York Central Transportation Company,* 48 F.R.D. 449 (N.D. Ind. 1969); *Smith v. Potomac Edison Co.,* 165 F.Supp. 681 (D. Md. 1958); *see also Crowder v. Gordons Transports, Inc.,* 387 F.2d 413 (8th Cir. 1967); *Longbottom v. Swaby,* 397 F.2d 45 (5th Cir. 1968).

The only case cited by the State disallowing substitution of the proper party in a wrongful death action is *Richard v. Slate,* 239 Or. 164, 396 P.2d 900 (1964). The court there held ordinary rules of pleading and relation back to be inapplicable because of express limitation provisions in the Oregon wrongful death statutes. No such provisions exist in Arizona.

The State attempts to analogize this case to *Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973), in which there was an attempt by way of an amendment to substitute an entirely new complaint for one invalidly signed by an improper representative. We cannot agree that the amendment in this case, which involves only substitution of the proper party in a complaint otherwise setting forth valid claims and properly filed, is similar to the situation in *Safeway.*

The State also relies upon *Shambley v. Jobe-Blackley Plumbing and Heating Co.,* 264 N.C. 456, 142 S.E.2d 18 (1965), holding that an insurer could not take over the prosecution of an action previously filed by its insured. That case was not decided with reference to principles pertaining to amendments of pleadings. Moreover, we believe

its reasoning conflicts with that of the majority in *Tucson Gas, Electric Light & Power Company v. Board of Supervisors,* 7 Ariz. App. 429, 440 P.2d 113 (1968), which permitted an insurer as the real party in interest to be substituted as plaintiff and held that the amendment should relate back under Rule 15(c).

■ Having determined that the amendment substituting the proper plaintiff in the wrongful death actions should have related back, we must now determine whether the attempt to add a claim against the State for the wrongful death of the father should have been permitted to relate back. Without this amendment, the complaint does not purport to claim damages against the State for the father's death. It is clear from the complaint, however, that the father died in the accident; damages for his death are claimed against Ford Motor Company.

Since the amendment involves addition of a claim, the question of its relation back involves application of the first sentence of Rule 15(c) which provides that a claim asserted in an amended pleading should relate back if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The philosophy of this requirement has been explained in 6 Wright & Miller, *Federal Practice & Procedure* § 1501, at 526–27:

"As long as the original complaint provides defendant with adequate notice of the conduct, transaction, or occurrence upon which plaintiff bases his claim and the parties before the court remain the same, it is reasonable to assume that defendant has knowledge of any claim plaintiff might assert in any capacity arising out of the event in dispute. Thus, an amendment should be permitted to relate back even though one byproduct of the change may be to expose defendant to the risk that increased damages will be assessed against him."

The amendment adding the claim for the father's wrongful death meets all of these criteria. The claim obviously arises under the same occurrence as the remainder of the claims in the suit, namely the same automobile accident. This amendment does not bring any additional parties before the court, and its practical effect is simply to expand the measure of damages for which the State may be liable.

This Court has repeatedly recognized that so long as the defendant is put on notice of the transaction or occurrence giving rise to the damages, amendments should be permitted to relate back even though they may change the original theory of recovery or introduce new theories. In *Neeriemer v. Superior Court of Maricopa County,* 13 Ariz.App. 460, 477 P.2d 746 (1970), the plaintiff had filed a complaint against a doctor for negligence in a surgical operation and post-operative treatment. An amended complaint was filed charging battery by reason of failure to obtain informed consent, and the amendment was held to relate back, applying a liberal interpretation of Rule 15(c). *See also Arizona Title Insurance and Trust Company v. O'Malley Lumber Company,* 14 Ariz.App. 486, 484 P.2d 639 (1971); *Green Reservoir Flood Control District v. Willmoth,* 15 Ariz.App. 406, 489 P.2d 69 (1971).

We are aware of authority stating that an amendment which attempts to introduce a claim based upon breach of an entirely different obligation or predicated upon a different set of facts should not relate back. *See Baker v. Walston & Company,* 7 Ariz. App. 590, 442 P.2d 148 (1968), where the original complaint alleged fraud in inducing the investor to purchase stock, and the amendment sought to add a claim that the stock had been sold through an unregistered salesman. The claim to be added in this case does not rest upon any new legal liability or obligation. All of the claims against the State arise from the same accident alleged to have been caused by the State's breach of its duty to maintain safe highways. Other courts have allowed a relation back of amendments in very similar circumstances. *Hockett v. American Airlines, Inc.,* 357 F.Supp. 1343 (N.D. Ill. 1973); *Jakoski v. Holland,* 520 P.2d 569 (Alaska 1974) (adding spouse's claim for loss of consorti-

um to plaintiff's original personal injury claim); *Williams v. United States,* 405 F.2d 234 (5th Cir. 1968); *Newman v. Freeman,* 262 F.Supp. 106 (E.D. Pa. 1966) (adding parents' claim for loss of services to original claim of injuries to child). *See also United States v. C. & G. Motors, Inc.,* 16 F.R.D. 576 (E.D. Pa. 1954); *Estate of Thompson v. Mercedes-Benz, Inc.,* 514 P.2d 1269 (Alaska 1973).

In sum, we hold that the trial court erred in granting the State's motion to dismiss the claims for wrongful death of Michelle Keener's mother and father. The dismissal of the claim for the death of Michelle's sister, Denise, is affirmed. The matter is remanded with instructions to the trial court to grant leave to the appellants to amend their complaint in accordance with this opinion.

WREN, J., concurs.

EUBANK, Judge, dissenting.

I dissent from the majority opinion and would affirm the trial court's dismissal of the State of Arizona.

"Relation back", under Rule 15(c), Rules of Civil Procedure, 16 A.R.S., in my opinion is not proper under the facts in this wrongful death action because A.R.S. § 12–612 requires the personal representative to bring the action within the limitation period.

A one-car accident occurred on December 9, 1972, injuring Michelle Keener, a minor, and killing the rest of her family—father, mother and sister. Under A.R.S. § 12–612 the wrongful death statute, the only remaining party authorized to bring the wrongful death action was the personal representative of the parents. The statute reads:

A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

B. The father, or in the case of his death or desertion of his family, the mother, may maintain the action for death of a child, and the guardian for death of his ward.

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A and in the proportions provided by law for distribution of personal estate left by persons dying intestate.

D. The term "personal representative" as used in this section shall include any person to whom letters testamentary or of administration are granted by competent authority under the laws of this or any other state. The action for wrongful death may be maintained by any such personal representative without issuance of further letters, or other requirement or authorization of law.

The wrongful death cause of action vested in the personal representative, per A.R.S. § 14–477 (now A.R.S. § 14–3110) the survival statute, at the death of Michelle's parents. A.R.S. § 14–477 reads:

Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

Appellant's use of the term "nominal party" to describe the statutory role of the personal representative and the majority's apparent adoption of that concept, does not jibe with the above cited statutes or the following cited case law.

In *Lueck v. Superior Court,* 105 Ariz. 583, 469 P.2d 68 (1970), our Supreme Court construed the language of A.R.S. § 12–612(A) and (C) and found the legislative intent to exclude parents as parties where a deceased son was survived by a wife and child. The court said:

The concept embodied in wrongful death recovery is purely statutory and the answer to that issue [whether parents can recover for the wrongful death of a married son] lies in the language of the statute. (105 Ariz. at 584, 469 P.2d at 69).

After citing A.R.S. § 12–612(A) and (C), the court said:

It is our opinion that there is no ambiguity in this statute which cries out for the wizardry of statutory construction. Whether we like the result or not, we find the words to be plain and their meaning to be evident. When we find that the common law or "judge-made law" is unjust or out of step with the times, we have no reluctance to change it. *Stone v. Ariz. Hwy. Comm.,* 93 Ariz. 384, 381 P.2d 107 (1963). Here we are dealing with a legislative enactment, and it is proper that only the Legislature correct any deficiencies therein.

We hold that the parents of the deceased have no right to recover for his wrongful death because there are also surviving a wife and children. The trial court is affirmed. (105 Ariz. at 585–586, 469 P.2d at 70–71).

In *Solomon v. Harman,* 107 Ariz. 426, 489 P.2d 236 (1971) the trial court dismissed surviving brothers, sisters and foster parents as parties plaintiff in a wrongful death action, and our Supreme Court upheld the dismissal on the basis that they were not designated to bring the action by A.R.S. § 12–612(A) and (B). The court said:

The right of action for wrongful death is purely statutory and the action must be brought in the names of the persons to whom the right is given by statute.

\* \* \* \* \* \*

In the instant case, there being a surviving mother, the trial court properly dismissed all other parties as plaintiffs other than the mother and the administrator . . .. (107 Ariz. at 428, 489 P.2d at 238).

The source note following A.R.S. § 12–612 states that our statute was derived in part from Wyoming. Comparing W.C.S. 1945, § 3–404 with § 12–612 confirms the note.

The Wyoming Supreme Court faced a similar problem as the one *sub judice* in *Bircher v. Foster,* 378 P.2d 901 (Wyo. 1963). There a father filed a wrongful death action for the death of his son just before the statute of limitations had run. He alleged that he was the personal representative of his son's estate. He was not, since no estate had been filed, and the trial court granted summary judgment dismissal. On appeal the father argued that the *personal representative* was merely a nominal party. The Supreme Court stated that under the statute only the personal representative could bring the action and since the personal representative did not bring it within the statutory time period dismissal was proper. Similarly, in *Pearson v. Anthony,* 218 Iowa 697, 254 N.W. 10 (1934), the Iowa Supreme Court characterized the issue as "capacity to sue" and found that there was no such "capacity" in an administratrix who was not appointed until after the statute of limitations had run.

Returning to the facts of the instant case, it is clear that none of the parties designated in A.R.S. § 12–612 timely brought the wrongful death action. Since the action was not brought by the proper party, the personal representative, within the statute of limitations period, it is barred. I would therefore affirm the trial court's dismissal of the State.