753 P.2d 1213

SENTRY INSURANCE, a mutual company and Dairyland Insurance Company, Petitioners,

v.

SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF PINAL; Honorable Franklin D. Coxon, a judge thereof, Respondents,

and

Suesan ENCINAS, in her individual capacity and as personal representative of the estate of Robert A. Encinas, deceased, Real Party in Interest.

No. 2 CA–SA 88–0010.

Court of Appeals of Arizona, Division 2, Department A.

April 19, 1988.

Jones, Skelton & Hochuli by Edward G. Hochuli, William J. Schrank and Phillip H. Stanfield, Phoenix, for petitioners.

Thompson, Dalton & DeRose by Jerry DeRose, Globe, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

This special action is brought from the trial court's denial of petitioners' motion for summary judgment in a declaratory judgment action. Because we believe the trial court erred in failing to grant the motion, and because our intervention will terminate the litigation between these parties, we assume jurisdiction and grant relief.

On June 15, 1983, Robert A. Encinas died as a result of an automobile accident. Robert Encinas was a passenger in the truck driven by Manuel Encinas, who was insured by the petitioners. At the time of his death, Robert was living with Suesan Encinas, the real party in interest. However, it appeared that Robert left no surviving spouse, since the marriage between Robert and Suesan had been terminated 18 months before the accident. Robert's surviving parents consented to the appointment of Robert's brother, John M. Encinas, as personal representative of Robert's intestate estate. In that capacity, John M. Encinas accepted a check from petitioners in the amount of the policy limits in full settlement of all claims arising from the accident.

On July 13, 1984, the Pinal County Superior Court ruled that the decree of dissolution between Robert and Suesan was void and that Suesan was entitled to be appointed personal representative of Robert's estate. Suesan thereafter took control of the estate, including the funds from the settlement with petitioners. On August 9, 1984, Suesan made a formal claim and demand upon petitioners for payment of the policy limits for the wrongful death of Robert A. Encinas. The claim was denied because the policy limits had been paid in full to the person who at the time had been the legally appointed personal representative of the estate. On May 9, 1985, Suesan Encinas filed a lawsuit against petitioners' insured, Manuel Encinas. The answer raised the affirmative defense of release. Petitioners thereafter filed a motion for summary judgment, the denial of which forms the basis for this special action.

Arizona's wrongful death statute, A.R.S. § 12–612, provides in part:

(A) An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

The statute provides that the personal representative of a decedent has the authority to bring a wrongful death claim, as would a surviving spouse. *See Solomon v. Harman*, 107 Ariz. 426, 489 P.2d 236 (1971). Whether the action is brought by the surviving spouse or the personal representative does not alter the rights of the beneficiaries. *In re Estate of Milliman*, 101 Ariz. 54, 415 P.2d 877 (1966). The estate itself is not the ultimate beneficiary of the wrongful death action if there is a surviving spouse, child or parent. *Solomon v.*

*Harman, supra.* A.R.S. § 12–612(C) states:

The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate.

 John Encinas was authorized by the court and by A.R.S. § 12–612(A) in July and August of 1983 to act as the personal representative of the estate of Robert Encinas. Under A.R.S. § 12–612(C), monies received by the personal representative were for the benefit of the statutory beneficiaries, the real party in interest among them. The fact that John Encinas was eventually replaced by the real party in interest as personal representative has no effect on the validity of the release executed by John Encinas in favor of petitioners. A.R.S. § 14–3307(B) states:

The status of personal representative and the powers and duties pertaining to the office are fully established by informal appointment. An appointment, and the office of personal representative created thereby, is subject to termination as provided in §§ 14–3608 through 14–3612, but is not subject to retroactive vacation.

There is no dispute as to the validity of the settlement and the release. The only issue is the contention of the real party in interest that a second payment of policy limits is now required. The release was executed by the only proper personal representative at the time. According to court records, Suesan Encinas was not the surviving spouse of the decedent at the time of the settlement and was not the legally appointed personal representative of the estate. Her substitution at a later time placed her in the same legal position as the original personal representative, and she is bound by the legally contracted settlement. To hold otherwise, as petitioners point out, would be to dissuade others similarly situated to petitioners from ever negotiating settlement agreements with personal representatives for fear that a replacement would not be bound by such a settlement. The trial court erred in denying petitioners' motion for summary judgment, and the order denying said motion is vacated. The cause is remanded with directions to enter judgment in favor of petitioners.

LACAGNINA, C.J., and HATHAWAY, J., concur.