OAK MANOR, INC. v. NEIL REALTY CO., BRITTHAVEN, INC., AND ROBERT HILL, SR.

No. 8710SC308

(Filed 5 January 1988)

**Venue § 2— amended complaint—change of venue improperly granted**
  The trial court erroneously removed an action from Wake County to Greene County for improper venue pursuant to a motion by defendants where an amended complaint had been filed as a matter of right before any responsive pleadings were filed by the original defendant, the original complaint gave notice of the transactions or occurrences referred to in the amended complaint, and the amended complaint added a corporation which was a resident of Wake County for venue purposes because it had a place of business in Wake County. N.C.G.S. § 1-79, N.C.G.S. § 1A-1, Rule 15(c).

APPEAL by plaintiff from *Farmer, Judge.* Order entered 9 October 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 20 October 1987.

Oak Manor, Inc. v. Neil Realty Co.

*Smiley, Olson, Gilman & Pangia, by William P. Harper, Jr. and Robert A. Mineo, for plaintiff appellant.*

*Bode, Call & Green, by Robert V. Bode and S. Todd Hemphill, for defendant appellees.*

PHILLIPS, Judge.

This action by plaintiff, a North Carolina corporation whose principal place of business is in Lenoir County, started out as a suit against only Neil Realty Co., a North Carolina corporation whose main office is in Greene County, for not leasing a nursing home facility in Wake County to plaintiff as it contracted to do. On 24 April 1986, before any responsive pleading was filed to the action, plaintiff filed an amended complaint that added as party defendants Britthaven, Inc. and Robert Hill, Sr. and that, in addition to repeating the breach of contract claim earlier asserted, claimed that Britthaven and Hill tortiously instigated Neil Realty's breach of contract. Britthaven, Inc., a North Carolina corporation whose registered office is in Greene County, admittedly maintains a place of business in Wake County. Robert Hill, Sr. resides in Greene County. The case was removed from Wake County to Greene County for improper venue pursuant to the motion of defendants.

The order is erroneous. The residence of a domestic corporation for the purposes of being sued is either where its registered or principal office is located, or where it maintains a place of business. G.S. 1-79. The action being between private persons for money damages only it is governed by G.S. 1-82, our general venue statute, which provides that "[i]n all other cases the action must be tried in the county in which the plaintiffs or the defendants, *or any of them,* reside at its commencement . . . ." (Emphasis supplied.) Under the provisions of Rule 15(c), N.C. Rules of Civil Procedure, when an amended complaint is filed as a matter of right before any responsive pleading is filed by the original defendant and the original complaint gave notice of the transactions or occurrences referred to in the amended complaint, as happened here, the claims asserted in the amended complaint are deemed to have been interposed at the time the claim in the original pleading was interposed. *Burcl v. North Carolina Baptist Hospital, Inc.,* 306 N.C. 214, 293 S.E. 2d 85 (1982). Thus, since Britthaven, Inc. is

a resident of Wake County for venue purposes because it has a place of business there and is deemed to have been a defendant in the action at its commencement by operation of Rule 15(c), though not added until later, the venue there is not improper.

Vacated.

Judges BECTON and GREENE concur.