BALDWIN v. WILKIE

[179 N.C. App. 567 (2006)]

TIMOTHY AND KELLIE BALDWIN, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR MATTHEW BALDWIN, A MINOR; KEITH AND JENNIFER CHAUVIN, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR CAMERON AND LUKE CHAUVIN, MINORS; JAYSON AND WENDY ENNIS, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR CHAD ENNIS, A MINOR; CHAD AND AMANDA CHURCH, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR CARTER CHURCH, A MINOR; TODD AND JENNIFER SHY, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR WILLIAM SHY, A MINOR; TERRY AND LAURA PERRIGO, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR TERRA PERRIGO, A MINOR; MIKE AND VICKIE McGEE, HUSBAND AND WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM FOR CARSON McGEE, A MINOR; AND REGENIA WALDEN, AN INDIVIDUAL, PLAINTIFFS v. JASON WILKIE AND RALPH WILKIE, AS INDIVIDUALS, AND DOING BUSINESS AS CROSSROADS FARM PETTING ZOO, DEFENDANTS

No. COA05-1503

(Filed 19 September 2006)

**Venue— denial of motion for change—relation back rule for plaintiffs**

The trial court did not err by denying defendants' motion for change of venue from Wake County even though none of the original parties to the action were residents of Wake County, because: (1) plaintiffs filed an amended complaint adding plaintiffs as a matter of right prior to any responsive pleadings filed by defendants and alleged they were residents of Wake County; and (2) N.C.G.S. § 1A-1, Rule 15(c) allows the addition of plaintiffs in the amended complaint to relate back to the filing of the original complaint when the claims are virtually identical to the original plaintiffs' claims.

Appeal by Defendants from order entered 8 August 2005 by Judge Wade Barber, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 15 August 2006.

*Roberts & Stevens, P.A., by Mark C. Kurdys; Marler Clark, L.L.P., P.S., by William D. Marler, for plaintiff-appellees.*

*Young Moore and Henderson P.A., by Walter E. Brock, Jr., for defendant-appellants.*

WYNN, Judge.

Under Section 1-82 of the North Carolina General Statutes, an "action must be tried in the county in which the plaintiffs or the defendants . . . reside at its commencement[.]"[1] Here, Defendants

1. N.C. Gen. Stat. § 1-82 (2005).

argue that venue in Wake County was improper because none of the original parties to the action were residents of Wake County. Because the action was amended as a matter of right[2] adding Plaintiffs who are residents of Wake County, we hold the trial court did not err in denying Defendants' motion to change venue.

On 17 December 2004, Plaintiffs Timothy and Kellie Baldwin, individually and as Guardians ad Litem for Mathew Baldwin; Keith and Jennifer Chauvin, individually and as Guardians ad Litem for Cameron and Luke Chauvin; Jayson and Wendy Ennis, individually and as Guardians ad Litem for Chad Ennis; filed a complaint against Defendants Jason Wilkie and Crossroads Farm Petting Zoo.[3] None of the original Plaintiffs to the action were residents of Wake County.

On 13 January 2005, Defendants filed a motion to change venue. On 24 January 2005, Plaintiffs filed a first amended complaint adding Chad and Amanda Church, individually and as Guardian ad Litem for Carter Church, as plaintiffs. The first amended complaint alleged that the Churches were residents of Wake County, North Carolina. Plaintiffs filed a second amended complaint adding Todd and Jennifer Shy, individually and as Guardian ad Litem for William Shy; Terry and Laura Perrigo, individually and as Guardian ad Litem for Terra Perrigo; Mike and Vickie McGee, individually and as Guardian ad Litem for Carson McGee; and Regenia Walden, as Plaintiffs. The second amended complaint alleged the Shys and McGees were residents of Wake County.

On 14 April 2005, Defendants filed their answer which reiterated their motion for change of venue. By order entered 8 August 2005, the trial court denied Defendants' motion for change of venue. Defendants appeal contending that the trial court erred in denying its motion for change of venue as Chatham County is the proper venue.[4] We disagree.

---

2. North Carolina Rule of Civil Procedure 15(c).

3. The Complaint also listed Ralph Wilkie as a defendant but he was never served with the complaint.

4. Though an order denying change of venue is interlocutory as it does not dispose of the case, See Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); Flitt v. Flitt, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002), it is well settled that motions for change of venue (because the county designated is not proper) affect a substantial right and are immediately appealable. Dixon v. Haar, 158 N.C. 286, 288, 74 S.E. 1, 2 (1912); Hawley v. Hobgood, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005); DesMarais v. Dimmette, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984)

**BALDWIN v. WILKIE**

[179 N.C. App. 567 (2006)]

Section 1-83 of the North Carolina General Statutes which provides for a change of venue states in pertinent part:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

> The court may change the place of trial in the following cases:

> (1) When the county designated for that purpose is not the proper one.

N.C. Gen. Stat. § 1-83 (2005). "[T]he trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county." *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975); *see also Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 743, 71 S.E.2d 54, 55-56 (1952); *Centura Bank v. Miller*, 138 N.C. App. 679, 681, 532 S.E.2d 246, 248 (2000); *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) ("The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.' ").

Section 1-82 of the North Carolina General Statutes sets out the method of determining the proper venue, stating in pertinent part, "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ." N.C. Gen. Stat. § 1-82 (2005). "A civil action is *commenced* by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing." N.C. Gen. Stat. § 1A-1, Rule 3(a) (2005) (emphasis added). Therefore, this action was commenced on the date the original complaint was filed, 17 December 2004.

Here, in the original complaint, Plaintiffs did not allege that any of the parties to the action were residents of Wake County. Therefore, at the time of filing the original complaint, venue in Wake County was improper. N.C. Gen. Stat. § 1-82.

("[A]n erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which could not be corrected if no appeal was allowed before the final judgment.").

However, Plaintiffs filed an amended complaint as a matter or right, prior to any responsive pleadings filed by Defendants, which included the Churches as Plaintiffs and alleged they were residents of Wake County, North Carolina. *See* N.C. Gen. Stat. § 1A-1, Rule 15(a) (2005) ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served[.]"). Plaintiffs argue that Rule 15(c) of the North Carolina Rules of Civil Procedure allows the addition of a Wake County resident as a plaintiff to relate back to the filing of the original complaint, thus making venue in Wake County proper. Rule 15(c) provides that:

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2005).

Plaintiffs cite to *Oak Manor, Inc. v. Neil Realty Co.*, 88 N.C. App. 402, 363 S.E.2d 382 (1988), to support their contention that Rule 15(c) allows the additional parties in the amended complaint to relate back to the filing of the original complaint. In *Oak Manor*, the plaintiff, a corporation whose principal place of business was in Lenoir County, filed suit in Wake County against Neil Realty, whose place of business was in Greene County. *Id.* at 403, 363 S.E.2d at 382. The plaintiff filed an amended complaint prior to any responsive pleadings and added two additional defendants, one of whom had an office in Wake County. *Id.* Upon the defendants' motion, the trial court removed the case from Wake County to Greene County for improper venue. *Id.* This Court found that venue in Wake County was proper, as Rule 15(c) allowed the claims asserted in the amended complaint to be deemed "interposed at the time the claim in the original pleading was interposed." *Id.*, 363 S.E.2d at 383.

However, following *Oak Manor*, our Supreme Court in *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995), held that Rule 15(c) "does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party." *Id.* at 187, 459 S.E.2d at 717. While *Crossman* clearly held that Rule 15(c) does not apply to the addition of *defendants*, we must now examine whether Rule 15(c) will allow additional *plaintiffs* to be related back to the original complaint for purposes of determining proper venue.

In *Crossman,* our Supreme Court noted that North Carolina Rule of Civil Procedure 15 "is drawn from the New York Civil Practice Law and Rules, Rule 203(e)." *Id.; accord Pierce v. Johnson,* 154 N.C. App. 34, 39, 571 S.E.2d 661, 664 (2002). To support the holding in *Crossman,* our Supreme Court noted that the interpretation was "consistent with the interpretation given a similar statute in New York." 341 N.C. at 187, 459 S.E.2d at 717. Likewise, we too look to the interpretation of the New York statute on this issue for guidance.

In *Key Int'l Mfg., Inc. v. Morse/Diesel, Inc.,* 536 N.Y.S.2d 792, 798, 142 A.D.2d 448, 458 (1988), the court held that "when a new party plaintiff is joined in order to allow it to assert a claim on its behalf, its claim will be deemed to have been interposed as of the time of the interposition by the preexisting plaintiff of its similar or identical claim." However, the court emphasized,

> that the rule permitting the claim of a newly joined plaintiff to relate back to the earlier claim of a preexisting plaintiff, does not necessarily extend beyond those situations, such as this case, [1] where the substance of the claims of the newly joined plaintiff and those of existing plaintiff are virtually identical, [2] where the ad damnum clause is thus the same in the proposed amended complaint as in the original complaint, and [3] where the newly joined plaintiff is closely related to the original plaintiff.

536 N.Y.S.2d at 798-99, 142 A.D.2d at 458-59.

In this case, the substance of the claims of newly joined Plaintiffs, the Churches, are virtually identical to original Plaintiffs' claims. The Churches and original Plaintiffs are similarly situated as all Plaintiffs were allegedly injured during a one-week period at the same location. Accordingly, we hold that the Churches claim are deemed to have been interposed as of the time of the interposition by original Plaintiffs for purposes of determining venue.

In sum, as the Churches claim is deemed interposed as of the filing of the original complaint for purpose of determining venue, venue in Wake County is proper as the Churches are residents of Wake County. *See* N.C. Gen. Stat. § 1-82. We, therefore, affirm the trial court's order denying Defendant's motion for change of venue.

Affirmed.

Judges HUDSON and TYSON concur.