**CODERRE v. FUTRELL**

[224 N.C. App. 454 (2012)]

SHANE CODERRE AND NORTH AMERICAN LAND ACQUISITIONS, INC., PLAINTIFFS

v.

GILBERT E. FUTRELL AND WIFE NANCY G. FUTRELL, DALE FUTRELL AND WIFE
GLENDA J. FUTRELL INDIVIDUALLY AND UNDER THE WILL OF PEARL THAYER
FUTRELL AND J. DALE FUTRELL, DEFENDANTS

No. COA12-517

Filed 18 December 2012

**1. Pleadings—amended complaint—no standing—original complaint invalid—no relation back**

The trial court did not err in a breach of contract and attorney fees case by dismissing plaintiff's amended complaint. Since plaintiff lacked standing to file the initial complaint, it was a nullity. Without standing to bring the initial complaint, there was no valid complaint to which the amended complaint could relate back.

**2. Contracts—breach of contract—bankruptcy filing—statute of limitations not tolled—statute of limitations expired**

The trial court did not err in a breach of contract and attorney fees case by dismissing plaintiff's amended complaint. Plaintiff's bankruptcy filing did not toll the statute of limitations on its breach of contract claim and plaintiff failed to file the claim prior to the expiration of the statute of limitations.

Appeal by plaintiffs from order entered 11 December 2011 by Judge John E. Nobles, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 26 September 2012.

*William T. Batchelor, II, Attorney at Law, for plaintiff-appellants.*

*Brooks, Pierce, McLendon, Humphrey and Leonard, L.L.P., by Katherine J. Clayton, for defendant-appellees.*

CALABRIA, Judge.

Shane Coderre ("Coderre") and North American Land Acquisitions, Inc. ("NALA")(collectively "plaintiffs") appeal the trial court's order dismissing plaintiffs' claims against Gilbert E. Futrell, Nancy G. Futrell, Dale Futrell, Glenda J. Futrell, individually and under the will of Pearl Thayer Futrell, and J. Dale Futrell (collectively "defendants"). We affirm.

## I. Background

On 18 August 2005, NALA, a North Carolina corporation, executed a purchase agreement ("the purchase agreement") with defendants for the acquisition of 200 acres of land located in Montgomery County, North Carolina ("the property"). NALA paid $1 million towards the $7 million purchase price and financed the remainder of the purchase by executing a promissory note secured by a deed of trust in favor of defendants in the amount of $6 million.

According to the purchase agreement, defendants would release 60 acres of the property from the deed of trust so long as NALA paid defendants $2 million by 25 August 2006. When NALA had not made this payment by 16 August 2006, defendants modified the purchase agreement and deferred the date for NALA's $2 million payment to 25 August 2007. However, NALA failed to pay by the deferred date stated in the modification.

In February 2008, Thomas Simpson, as President of NALA, sought and secured financing for $2 million from Cambridge Holdings Group. On 1 April 2008, NALA attempted to tender the $2 million to defendants. However, since NALA was in default for failing to make required monthly payments of principle and interest, defendants refused to accept the $2 million payment. Defendants directed the trustee of the deed of trust to initiate foreclosure proceedings.

The foreclosure sale was held at the courthouse door of the Montgomery County Courthouse on 2 July 2008. Defendants successfully bid on the property. There were no upset bids. Prior to the recordation of the foreclosure deed, NALA and defendants entered into a new agreement ("the 30-day agreement"). Specifically, defendants agreed to postpone recordation of the deed if NALA paid all principal and interest in arrears under the note within 30 days. Upon payment, defendants agreed to assign NALA their successful foreclosure bid on the property. On 12 August 2008, one day before the 30-day agreement was scheduled to expire, NALA voluntarily filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

The United States Bankruptcy Court for the Eastern District of North Carolina ("the Bankruptcy Court") allowed NALA to assume the 30-day agreement and cure its default under the agreement by 15 November 2008. Although this deadline was later extended until 18 January 2009, NALA was still unable to assume the 30-day agreement at that time. As a result, NALA filed a motion for its case to be con-

verted to a Chapter 7 bankruptcy. The Bankruptcy Court granted NALA's motion on 5 February 2009.

On 11 February 2011, while NALA's bankruptcy case was still pending, Coderre, one of NALA's shareholders, filed an action against defendants for breach of contract and attorney's fees in New Hanover County Superior Court ("the initial complaint"). On 7 June 2011, NALA was released from bankruptcy. On 13 June 2011, defendants filed a motion to dismiss the initial complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) alleging that Coderre did not have standing because he was not a party to the purchase agreement executed on 18 August 2005. That same day, Coderre filed an amended complaint adding NALA as an additional plaintiff ("the amended complaint"). On 22 July 2011, defendants filed another motion to dismiss under Rule 12(b)(6), alleging the amended complaint was barred by the statute of limitations. Defendants also asserted the defenses of judicial estoppel and *res judicata*. On 11 December 2011, the trial court granted defendants' motion to dismiss with prejudice. Plaintiffs appeal.

## II.  Standard of Review

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

## III.  Initial Complaint

[1] Plaintiffs argue that the trial court erred in dismissing the amended complaint because, under N.C. Gen. Stat. § 1A-1, Rule 15(c), the amended complaint related back to the time Coderre filed the initial complaint. We disagree.

Rule 15(c) provides that "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transac-

tions and occurrences, to be proved pursuant to the amended plead-ing." N.C. Gen. Stat. § 1A-1, Rule 15(c) (2011). Plaintiffs contend that, under this Court's holding in *Baldwin v. Wilkie*, 179 N.C. App. 567, 635 S.E.2d 431 (2006), Rule 15(c) allows a plaintiff to add an addi-tional party plaintiff to an already filed action and have the new plain-tiff's claims relate back to the original filing. However, since we have determined that Coderre had no standing to file the initial complaint, we do not address plaintiffs' Rule 15(c) argument.

"Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter." *Woodring v. Swieter*, 180 N.C. App. 362, 366, 637 S.E.2d 269, 274 (2006) (internal quotations and citation omitted). "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Id.* (internal quotations and citations omitted).

In the instant case, nothing in the record indicates that Coderre had standing to file the initial complaint. The initial complaint named Coderre as a plaintiff in his individual capacity, but it did not include NALA or ever suggest that Coderre brought the action in a represen-tative capacity on behalf of NALA. The purchase agreement, which was attached to and formed the basis of the initial complaint, was not executed by Coderre in his individual capacity. Furthermore, the complaint does not allege that Coderre was an intended third party beneficiary of the purchase agreement.

At the 5 December 2011 hearing on defendants' motion to dis-miss, plaintiffs' counsel essentially conceded that Coderre lacked standing to file the initial complaint. Counsel informed the trial court that "[Coderre] had no independent interest. His only interest was I had to get a complaint filed, I couldn't file it for NALA because we were in bankruptcy." Thus, it is clear that Coderre lacked a "stake in an otherwise justiciable controversy so as to properly seek adjudica-tion" of the initial complaint. *Woodring*, 180 N.C. App. at 366, 637 S.E.2d at 274. Accordingly, the trial court had no jurisdiction over Coderre's initial complaint.

"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). Since Coderre lacked standing to file the initial complaint, it was a nullity. Without standing to bring the initial complaint, there was no valid complaint to which the amended complaint could relate back. As a

result, the initial complaint could not be used to defeat defendants' statute of limitations defense to the amended complaint. This argument is overruled.

### IV.  Amended Complaint

**[2]**  Plaintiffs argue the trial court erred in dismissing the amended complaint because 11 U.S.C. § 108 of the Bankruptcy Code tolled the statute of limitations while NALA was in bankruptcy. We disagree.

Plaintiffs contend that this Court has interpreted 11 U.S.C. § 108 as tolling the statute of limitations while a debtor is in bankruptcy. Specifically, plaintiffs cite the following passage from *Person Earth Movers, Inc. v. Buckland*: "[t]he statute of limitations for a state law claim . . . expires at the end of the limitations period described by the appropriate state law, and is extended only by that amount of time the debtor is in bankruptcy." 136 N.C. App. 658, 660, 525 S.E.2d 239, 240 (2000). However, the portion of 11 U.S.C. § 108 analyzed in *Person* is subsection (c). This subsection only applies to "a claim against the debtor[.]" 11 U.S.C. § 108(c) (2011). It does not apply to claims by the debtor against third parties.

Instead, this case is governed by 11 U.S.C. § 108(a). This subsection states:

> (a)  If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> > (1)  the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2)  two years after the order for relief.

11 U.S.C. § 108(a) (2011). Under this subsection, a trustee may commence a nonbankruptcy action before the later of either the expiration of the statute of limitations for such action or two years after the entry of the order for relief.

In the instant case, defendants' alleged breach of contract occurred on 1 April 2008. In North Carolina, the statute of limitations for breach of contract is three years. N.C. Gen. Stat. § 1-52(1) (2011). Thus, the statute of limitations expired on plaintiffs' claim on 1 April

2011. NALA filed its bankruptcy petition on 12 August 2008 and the order for relief was entered that same day. Since 1 April 2011 was later than two years after the order for relief was entered, it was the last date NALA's breach of contract claim could be brought under 11 U.S.C. § 108 (a).

NALA had the power of the trustee to bring the breach of contract action while its case was in Chapter 11 bankruptcy. *See* 11 U.S.C. § 1107 (2011)("A debtor in possession shall have all the rights . . . and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter."). When NALA's case was converted to a Chapter 7 bankruptcy, the bankruptcy trustee still had the power to bring NALA's breach of contract action against defendants until 1 April 2011.

However, NALA did not initiate a breach of contract action against defendants until 13 June 2011. At that time, its claim was barred by the statute of limitations. Consequently, the trial court properly allowed defendants' motion to dismiss. *See Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986)("A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred."). This argument is overruled.

## V.  Conclusion

Coderre lacked standing to file the initial complaint and therefore, it was a nullity. As a result, the amended complaint could not relate back to the time the initial complaint was filed. NALA's bankruptcy filing did not toll the statute of limitations on its breach of contract claim. Since the amended complaint was not filed until after the expiration of the statute of limitations, the trial court properly granted defendants' motion to dismiss. The trial court's order is affirmed.

Affirmed.

Judges ELMORE and STEPHENS concur.