IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-583

Filed 2 April 2025

Stanly County, No. 22 CVS 978

INTREPID DIRECT INSURANCE AGENCY, as Subrogee of Morning Star, LLC d/b/a Hardee's Restaurants, Plaintiff,

v.

AMEREX CORP. and PYE-BARKER FIRE & SAFETY, LLC., Defendants.

Appeal by plaintiff from order entered 16 October 2023 by Judge William Taylor Browne in Stanly County Superior Court. Heard in the Court of Appeals 29 January 2025.

> *Hausler Law Firm, PLLC, by Kurt F. Hausler, and Nielsen, Zehe & Antas, P.C., by Brian T. Suth, pro hac vice, and John J. Murphy, pro hac vice, for plaintiff-appellant.*
>
> *Hamilton Stephens Steele & Martin, PLLC, by Graham B. Morgan and Keith J. Merritt, for defendant-appellee Amerex Corp.*
>
> *Pinto Coates Kyre & Bowers, PLLC, by Richard L. Pinto and Britney M. Millisor, for defendant-appellee Pye-Barker Fire & Safety, LLC.*

ZACHARY, Judge.

This case arises out of an apparent mistake in pleading. Plaintiff Intrepid Direct Insurance Agency ("Intrepid Agency"), as subrogee of Morning Star, LLC ("Morning Star"), filed a complaint against Defendants Amerex Corp. ("Amerex") and Pye-Barker Fire & Safety, LLC ("Pye-Barker"). Intrepid Agency subsequently filed a

motion to amend its complaint "to correct [a] misnomer by correcting the name of Plaintiff" to Intrepid Insurance Company ("Intrepid Insurance"). Defendants filed motions to dismiss for lack of subject-matter jurisdiction, arguing that Intrepid Agency was without standing to bring the initial complaint. The trial court granted Defendants' motions to dismiss, and Intrepid Agency appeals that decision. After careful review, we affirm.

## I.    Background

On 22 December 2019, a fire caused significant damage to a Hardee's restaurant in Albemarle, North Carolina. The restaurant was owned and operated by Morning Star. At all times relevant to this appeal, the restaurant was covered by an insurance policy provided by Intrepid Insurance; Intrepid Agency served as the policy's broker. According to the amended complaint, Morning Star's claims for damages sustained to the restaurant as a result of the fire were paid.

On 14 December 2022, Intrepid Agency, as subrogee of Morning Star, filed a complaint against Defendants. Intrepid Agency raised claims for negligence and breach of contract arising from the alleged failure of the restaurant's fire-suppression system. The fire-suppression system was provided by Amerex and serviced by Pye-Barker.

On 24 February 2023, Intrepid Agency filed a motion to amend its complaint "to correct [a] misnomer by correcting the name of Plaintiff" to Intrepid Insurance, rather than Intrepid Agency. Amerex filed its motion to dismiss, answer, and

crossclaims against Pye-Barker on 27 February 2023. Pye-Barker filed its motion to dismiss and answer on 2 March 2023.

On 7 and 11 August 2023, respectively, Amerex and Pye-Barker filed additional motions to dismiss. Pye-Barker also filed a memorandum of law in support of its motion. Both motions and the memorandum addressed the alleged misnomer, with Defendants arguing that Intrepid Agency lacked standing to bring the claims advanced in the initial complaint because Intrepid Agency was not a "real party in interest." *See* N.C. Gen. Stat. § 1A-1, Rule 17(a) (2023).

On 2 October 2023, Intrepid Agency's motion to amend and Defendants' motions to dismiss came on for hearing in Stanly County Superior Court. On 16 October 2023, having determined that it lacked subject-matter jurisdiction to grant Intrepid Agency's motion to amend, the trial court entered an order granting Defendants' motions to dismiss. Intrepid Agency[1] filed notice of appeal on 3 November 2023.

## II.    Discussion

---

[1] Preliminarily, we must address whether Intrepid Agency or Intrepid Insurance is the plaintiff-appellant in this appeal. Appellant's counsel "adamantly denies that Intrepid Agency . . . was before the [trial] court," and further asserts that they were "never retained by Intrepid Agency" but instead were "engaged by [Intrepid Insurance] to file a subrogation claim as subrogee for Hardees [sic]." However, not only did Intrepid Agency file the initial complaint, but it also filed the motion to amend. Further, in the order from which appeal is taken, the trial court identified Intrepid Agency as the plaintiff. Finally, Intrepid Agency filed notice of appeal, not Intrepid Insurance. Accordingly, consistent with the record before us, we recognize Intrepid Agency as the plaintiff-appellant in this matter, notwithstanding counsel's representation otherwise to this Court.

On appeal, Intrepid Agency argues that the trial court erred by granting Defendants' motions to dismiss without allowing Intrepid Agency to amend its complaint. We disagree.

## A. Standard of Review

"Standing concerns the trial court's subject[-]matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." *WLAE, LLC v. Edwards*, 257 N.C. App. 251, 258, 809 S.E.2d 176, 181 (2017) (citation omitted). This Court reviews de novo a trial court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, and in doing so, "may consider matters outside the pleadings." *Id.* (citation omitted).

## B. Analysis

Intrepid Agency "insists that this matter involves a clerical error"—namely, "a scrivener's error in which its counsel misnamed the insurance company . . . using the similar name of the insurance broker." As such, it argues that this case is merely a matter of misnomer, and the trial court should have permitted it to correct its pleading pursuant to either Rule 15(c) or 17(a) of the North Carolina Rules of Civil Procedure.

Rule 15 governs the amendment of complaints. Subsection (c) provides that any "claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or

occurrences, to be proved pursuant to the amended pleading." N.C. Gen. Stat. § 1A-1, Rule 15(c). Rule 17(a) provides, in pertinent part, that "[e]very claim shall be prosecuted in the name of the real party in interest." *Id.* § 1A-1, Rule 17(a). Furthermore:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

*Id.*

However, as Defendants note, neither of these Rules is applicable in this case because Intrepid Agency lacked standing to file the initial complaint. "When the insurance paid the insured covers the loss in full, the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation against the tort-feasor." *Shambley v. Jobe-Blackley Plumbing & Heating Co.*, 264 N.C. 456, 457, 142 S.E.2d 18, 20 (1965) (citation omitted). According to the amended complaint, Intrepid Insurance paid Morning Star's claims under the insurance policy; as such, Intrepid Insurance was the necessary-party plaintiff and was required to "sue in its own name to enforce its right of subrogation against" Defendants. *Id.* (citation omitted). Because Intrepid Agency lacked standing to bring these claims, the complaint was a nullity; consequently, the trial court lacked subject-matter

jurisdiction to consider the motion to amend under either Rule 15(c) or 17(a), and was therefore required to grant Defendants' motions to dismiss.

Our Supreme Court has explained that "[s]tanding refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that [it] may properly seek adjudication of the matter." *Town of Midland v. Harrell*, 385 N.C. 365, 371, 892 S.E.2d 845, 850 (2023) (citation omitted). "If a plaintiff does not have standing to assert a claim for relief, the trial court lacks subject[-]matter jurisdiction over the claim." *Id.* "Standing is measured at the time the pleadings are filed. In other words, a plaintiff must have standing at the time of filing to have standing at all. Subsequent events cannot confer standing retroactively." *Id.* (cleaned up).

"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Coderre v. Futrell*, 224 N.C. App. 454, 457, 736 S.E.2d 784, 787 (2012) (citation omitted). Therefore, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C. Gen. Stat. § 1A-1, Rule 12(h)(3).

In the related context of voluntary dismissal under Rule 41(a), this Court has recognized that "where a plaintiff lacked standing to file the initial complaint, that complaint is a nullity leaving no valid complaint to which an amended complaint could relate back." *Gantt v. City of Hickory*, 290 N.C. App. 279, 284, 892 S.E.2d 223, 227 (2023) (cleaned up), *disc. review denied*, 386 N.C. 281, 900 S.E.2d 682 (2024).

Although Intrepid Agency relies upon Rules 15(c) and 17(a) rather than Rule 41(a) and strenuously seeks to distinguish *Gantt*, the fundamental legal principle of that opinion—that a complaint filed by a party that lacks standing is a nullity—nevertheless applies with equal force to the procedural posture presented here.

As if to prove this point, the *Gantt* Court directly cited cases involving Rules 15(c) and 17(a) in support of its standing analysis. *See id.* (citing *Coderre*, 224 N.C. App. at 457, 736 S.E.2d at 787; *WLAE*, 257 N.C. App. at 260, 809 S.E.2d at 182–83). In *Coderre*, where the plaintiff "lacked standing to file the initial complaint," thus rendering it a nullity, this Court held that "[w]ithout standing to bring the initial complaint, there was no valid complaint to which the amended complaint could relate back." 224 N.C. App. at 457, 736 S.E.2d at 787. Accordingly, this Court was unable to consider the plaintiff's appellate argument that it should have been allowed, under Rule 15(c), "to add an additional party plaintiff to an already filed action and have the new plaintiff's claims relate back to the original filing." *Id.* at 457, 736 S.E.2d at 786.

Similarly, in *WLAE*, the plaintiff argued on appeal that "the trial court should have allowed [the] plaintiff the opportunity to amend its complaint to add the real party in interest" pursuant to Rule 17(a). 257 N.C. App. at 260, 809 S.E.2d at 182. However, this Court recognized that "because the trial court did not have subject[-]matter jurisdiction over th[e] proceeding at the time of filing, the court did not have the authority to order such substitution of party, and any attempt to do so

would have been a nullity." *Id.* at 260, 809 S.E.2d at 182–83.

Intrepid Agency attempts to distinguish *Gantt* by noting that, in that case, this Court differentiated between a voluntary dismissal under Rule 41 and relation-back under Rules 15 and 17. The *Gantt* Court distinguished its holding from a pair of "cases [that] required amendments to alter a party's legal capacity to sue," neither of which "involved a voluntary dismissal under Rule 41." 290 N.C. App. at 282, 892 S.E.2d at 226. However, the instant case is far more similar to *Gantt*, *Coderre*, and *WLAE* than to those cases distinguished by the *Gantt* Court, primarily because this case does not involve the "alter[ation of] a party's legal capacity to sue." *Id.* Intrepid Agency is not seeking to alter its legal capacity to sue; it *never had* the legal capacity to sue.

Ultimately, Intrepid Agency was inadvertently named as plaintiff instead of Intrepid Insurance at the time of the complaint's filing, a mistake that deprived the trial court of subject-matter jurisdiction over the proceedings. *See WLAE*, 257 N.C. App. at 260, 809 S.E.2d at 182–83. Lacking subject-matter jurisdiction, the trial court was not authorized to rule upon Intrepid Agency's motion to amend, and moreover, was bound to dismiss this matter. N.C. Gen. Stat. § 1A-1, Rule 12(h)(3).

### III.    Conclusion

For the foregoing reasons, the trial court properly determined that Intrepid Agency lacked standing to file the complaint in this matter. Therefore, we affirm the court's order granting Defendants' motions to dismiss.

AFFIRMED.

Chief Judge DILLON and Judge STROUD concur.