An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-235

Filed 1 April 2026

Cumberland County, No. 23CVS007389-250

SHARELL FARMER and BRENDA JOHNSON ENTERPRISES, LLC, Plaintiffs,

v.

PENSKE TRUCK LEASING CO., L.P., JERMAINE BROWN, and KEVIN SPACEK, Defendants.

Appeal by Plaintiffs from order entered 22 November 2024 by Judge Vinston M. Rozier, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 14 October 2025.

> *Kennedy, Kennedy, Kennedy and Kennedy LLP, by Harold L. Kennedy III and Harvey L. Kennedy, for Plaintiffs–Appellants.*
>
> *Young Moore and Henderson P.A., by Christopher A. Page and Matthew C. Burke, for Defendants–Appellees.*

PER CURIAM.

Sharell Farmer and Brenda Johnson Enterprises, LLC (Plaintiffs) appeal from the trial court's order dismissing Plaintiffs' amended complaint with prejudice for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted under N.C. Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

For the reasons below, this Court reverses the trial court's order dismissing the claims against Defendant Penske and affirms the dismissal as to Defendants Brown and Spacek.

## I.     Background

This matter concerns the events surrounding the sale of a Volvo truck by Penske Truck Leasing Co, L.P. (Defendant Penske) to Sharell Farmer (Plaintiff Farmer), the owner of Brenda Johnson Enterprises, LLC (Plaintiff LLC). In the fall of 2020, Plaintiff Farmer arranged to buy a used Volvo truck from Defendant Penske. Prior to the sale, Defendant Penske's employees represented to Plaintiff Farmer that the truck was a "road[-]ready" "proven truck[ ]" that had passed U.S. Department of Transportation (DOT) inspection. The truck had an "alleged official DOT inspection sticker" on it. Based on these representations, Plaintiff Farmer and Defendant Penske signed a bill of sale for the truck on 30 December 2020 in Cumberland County, North Carolina. Plaintiff Farmer signed Bill of Sale that stated the truck was sold "as a "Proven Package."

The integration clause of the bill of sale provided that the sale of the truck was to be governed by Pennsylvania substantive law.[1] After paying Defendant Penske

---

[1]    Although Plaintiffs' complaint did not include the Bill of Sale, the complaint refers to it and uses terminology from the Bill of Sale to describe Defendant Penske's representations about the truck as a "proven package." Defendants' motion to dismiss included a copy of the Bill of Sale, and since the complaint also refers to this document, we can consider it for purposes of the motion to dismiss. *See Oberlin Cap.*, L.P. v. Slavin, 147 N.C. App. 52, 60–61(2001). When ruling on a Rule 12(b)(6) motion, a trial court may properly consider documents which are the subject of a plaintiff's

$14,940 for the truck, Plaintiff Farmer traveled to Defendants' store in Pennsylvania to pick it up. On the way back to North Carolina from Pennsylvania, the truck broke down, at which point Plaintiff Farmer had it towed to Defendant Penske's store in Fayetteville, North Carolina. There, Penske employee Jermaine Brown represented to Plaintiff that the truck would be repaired and ready to drive again "within a few days." Approximately five months later, Defendant Brown contacted Plaintiff Farmer to inform him that the truck was fixed, "road ready," and had met "proven" status." Upon returning to pick up the truck, Plaintiff Farmer found these statements untrue and transported the truck to Defendant Penske's office in Mebane, North Carolina. There, Penske employee Kevin Spacek represented to Plaintiff Farmer that the truck would be fixed within a few days; however, he retained the truck at the Mebane office for several weeks. Subsequently, Plaintiff Farmer transported the truck to third-party mechanics in South Carolina, who informed him that the truck had "never" passed DOT inspection and was not "road[-]ready."

Plaintiffs filed a complaint against Defendants in Cumberland County Superior Court on 29 December 2023, alleging claims of fraud and unfair and deceptive trade practices (UDTPA). Plaintiffs claimed that the "alleged inspection sticker" on the truck was "false and fabricated" by Defendant Penske. He alleged all

complaint and to which the complaint specifically refers, even though they are presented by the defendant. *See Robertson v. Boyd*, 88 N.C.App. 437, 441 (1988). Thus, the trial court appropriately considered the bill of sale here.

the Defendants knowingly and intentionally made these false representations to him with the intent to deceive him. He relied on their false representations and "lost money" including the $14,940.00 purchase price as well as money he could have made if the truck had been operating.

On 21 March 2024, Defendants filed a Motion to Dismiss the complaint for failure to state a claim under Rule 12(b)(6) and 12(b)(1). As to Rule 12(b)(6), Defendants alleged that Plaintiffs' claim was time barred under the applicable Pennsylvania statute of limitations of two years. 42 Pa. Stat. § 5524. They attached a copy of the Bill of Sale for the truck showing a choice-of law-provision selecting Pennsylvania law. They also alleged that Plaintiff Farmer's fraud claims were no more than a breach of contract claim "barred by the economic loss rule." As to Rule 12(b)(1), Defendants moved to dismiss all claims asserted on behalf of Plaintiff LLC for lack of subject-matter jurisdiction. The Bill of Sale showed that the truck was sold to Plaintiff Farmer, individually, and not to Brenda Johnson Enterprises, LLC.

On 13 November 2024, Plaintiffs amended the complaint to clarify their initial fraud claim as one for fraud in the inducement and to amend the allegations and case caption to include Plaintiff LLC as a party to the action. Following a hearing, the trial court granted Defendants' motion to dismiss and dismissed Plaintiffs' amended complaint with prejudice on 22 November 2024. Plaintiffs timely appealed.

## II.    Jurisdiction

This Court has jurisdiction to hear Plaintiffs' appeal from the trial court's

dismissal of their complaint with prejudice because it is a "judicial order of a superior court" that "discontinues the action." N.C.G.S § 1-277(a) (2025) (ellipses omitted).

## III.    Analysis

At the hearing on the motion to dismiss, the trial court considered Plaintiffs' amended complaint and Defendants' motion to dismiss, including the attached exhibits. The trial court's order granted "Defendants' Motion to Dismiss under Rules 12(b)(l) and 12(b)(6)" but did not identify a specific basis for the dismissal. If one of the grounds for dismissal that Defendants raise on appeal is proper, then this Court should affirm the trial court's order. We therefore consider each potential basis for dismissal below.

### A. Standard of Review

Plaintiffs claim that the trial court reversibly erred by granting Defendants' motion to dismiss the action for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) *See* N.C. R. Civ. P. 12(b)(1), (6). We review an order granting dismissal *de novo. See Utd. Daughters of the Confederacy v. City of Winston-Salem*, 383 N.C. 612, 624 (2022) (applying *de novo* review "regardless" of whether dismissal is under Rule 12(b)(1) or (6)). A Rule 12(b)(6) motion to dismiss tests "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373 (2001). The trial court "must construe the complaint liberally." *Leary v. N.C. Forest Prods.*, 157 N.C.

App. 396, 400 (quotation omitted), *aff'd per curiam*, 357 N.C. 567 (2003). Accordingly, dismissal under Rule 12(b)(6) is appropriate in only three situations: "(1) it appears *certain* that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory; (2) *no* law exists to support the claim made; or (3) the complaint on its face discloses facts that *necessarily* defeat the claim." *Howell v. Cooper*, 388 N.C. 71, 78 (2025).

In considering whether the trial court properly granted a motion to dismiss, this Court reviews the pleadings *de novo* to "determine their legal sufficiency" under Rule 12(b)(6) and "whether the trial court's ruling on the motion to dismiss was correct." *Leary,* 157 N.C. App. at 400. Our review "treat[s] the complaint's factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Howell*, 388 N.C. at 78. Additionally, we "may consider information outside the scope of the pleadings in addition to the allegations set out in the complaint" when considering a trial court's ruling on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See Utd. Daughters*, 383 N.C. at 624. For the reasons below, we reverse the trial court's dismissal of Plaintiffs' amended complaint as to Defendant Penske but affirm the dismissal as to Defendants Brown and Spacek.

### B. Choice of Law

As a threshold issue, we must determine whether North Carolina or Pennsylvania law governs this matter. Plaintiffs argue that North Carolina law applies to their claims, while Defendants' brief relies mostly on Pennsylvania law.

Defendants argue that Plaintiffs' claims are barred by the two-year Pennsylvania statute of limitations for fraud, instead of three years as in North Carolina based on the choice-of-law clause in the Bill of Sale, which states, "this Agreement shall be governed by and construed in accordance with the substantive law of the Commonwealth of Pennsylvania." Because Plaintiffs' claims all arise from the sale of the truck, Defendants argue that Pennsylvania law applies.. In support, Defendants note several North Carolina cases honoring contractual choice-of-law provisions in cases involving breach of contract or other contractual claims. *See Bueltel v. Lumber Mut. Ins. Co.*, 134 N.C. App. 626, 631 (1999) (holding that Massachusetts law applied to the contract and deeming it "apparent that when a choice of law provision is included in a contract, the parties intend to make an exception to the presumptive rule that the contract is governed by the law of the place where it was made"). Defendants also argue that, "Courts across the country—including federal courts applying North Carolina law—hold that choice-of-law clauses apply even to extracontractual claims such as fraud claims that arise from a contract containing the choice-of law clause."

Plaintiffs respond that they did not bring a claim for breach of contract; rather, their claims are fraud in the inducement and unfair or deceptive trade practices, which are governed by application of the *lex loci delicti* rule based on "the place where a business suffered its injury."

Our Supreme Court has made clear that *lex loci delicti* is the appropriate choice

of law test to apply to tort claims. "For actions sounding in tort, the state where the injury occurred is considered the situs of the claim." *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 206 N.C. App. 687, 692 (2010).We agree with Plaintiffs that North Carolina law governs the claims they allege in the complaint under the *lex loci delicti* rule. Thus, the trial court should have applied North Carolina law in considering Defendants' motion to dismiss.

### C. Statute of Limitations

Defendants moved to dismiss based on their contention that Plaintiffs' fraud claims were time-barred under the two -year Pennsylvania statute of limitations. *See* 42 Pa. Stat. § 5524. Because we hold that North Carolina law governs Plaintiffs' claims, we need not consider Defendants' arguments regarding Pennsylvania law further.

Defendants also argue that, even under North Carolina law, the three-year statute of limitations for fraud bars Plaintiff LLC's fraud claim. *See* N.C.G.S. § 1-52(9).According to the allegations of the complaint, Defendants argue that a fraud claim would have accrued in May 2021 or "late Spring" of 2021 at the latest, when Plaintiff allegedly discovered Defendants' misrepresentations, but the complaint was amended to add the LLC as a party on 13 November 2024, more than three years after the accrual of the claim.

Plaintiffs contend that Defendants' statute-of-limitations argument lacks merit because the amended complaint relates back to the original complaint under

Rule 15. A claim in an amended pleading "is deemed to have been interposed at the time the claim in the original pleading was interposed" if the original pleading gave "notice of the transactions . . . [or] occurrences . . . to be proved pursuant to the amended pleading." N.C. R. Civ. P. 15(c). Plaintiffs did not seek to add a new substantive claim to the complaint in the amendment. The challenged portion of the amendment regards the addition of a new party plaintiff, the LLC. Our prior precedent has disallowed relation back of amendments adding a new party defendant. *See Crossman v. Moore*, 341 N.C. 185 (1995); *Piland v. Hertford Cnty. Bd. of Comm'rs*, 141 N.C. App. 293 (2000). But here, Plaintiffs' amendment added the LLC as an additional party plaintiff and alleged claims arising out of the same alleged facts as those in the original complaint. This Court has recognized that the addition of a party plaintiff may relate back under Rule 15. *See Baldwin v. Wilkie*, 179 N.C. App. 567, 570–71 (2006) (holding that newly joined plaintiffs' claims relate back to original plaintiffs' claims because they are "virtually identical").

Here, the Amended Complaint alleges "virtually identical" claims to those of the original complaint, requests the same relief, and "closely relate[s]" the "newly joined" LLC to the original plaintiff. *Id.* Thus, Plaintiff LLC's claims in the amended complaint relate back to the date of the filing of the original complaint, bringing all the alleged claims within the applicable statutes of limitations. *See* N.C. R. Civ. P. 15(c); N.C.G.S. § 1-52(9).

### D. Rule 12(b)(6) Dismissal as to Defendant Penske

Plaintiffs argue the trial court erred by dismissing the action under Rule 12(b)(6) because the amended complaint sufficiently alleges claims of fraud in the inducement and UDTPA. To establish a fraud claim, a party must allege a "(1) [f]alse representation or concealment of a past or existing material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Whisnant v. Carolina Farm Credit*, 204 N.C. App. 84, 94 (2010) (quotation omitted). Additionally, "any reliance on the allegedly false representations must be reasonable," and "the reasonableness of a party's reliance is a question for the jury, unless the facts are so clear that they support only one conclusion." *Forbis v. Neal*, 361 N.C. 519, 527 (2007). A party may base a fraud claim on "an affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a duty to disclose." *Whisnant*, 204 N.C. App. at 94 (quotation omitted).

A plaintiff alleging fraud must also meet the particularity requirement in Rule 9, which "generally encompasses the time, place and contents of the fraudulent representation, the identity of the person making the representation and what was obtained by the fraudulent acts or representations." *Terry v. Terry*, 302 N.C. 77, 85 (1981); *see* N.C. R. Civ. P. 9(b). This particularity requirement "cannot be satisfied" by "conclusory language or . . . mere quotes from the statute." *Id.* For a UDPTA claim, "[p]roof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices." *Sutton v. Driver*, 211 N.C. App. 92, 105 (2011).

Defendants argue that Plaintiff's fraud and UDTPA claims required "reasonable reliance" on the alleged misrepresentations, which Plaintiffs "cannot support . . . when a fully-integrated contract contradicts their allegation that they relied on extracontractual representations." The only North Carolina case Defendants cites in support is *French Broad Place, LLC v. Asheville Sav. Bank*, 259 N.C. App. 769 (2018), which does not include a fraud claim and addresses primarily breach-of-contract claims. There, the plaintiff alleged unfair or deceptive trade practices "based upon Defendant's alleged breaches of the loan agreements," unlike Plaintiff's claims here that allege pre-contractual misrepresentations. *Id.* at 786. Where a party alleges fraudulent inducement to enter into a contract, "defenses based upon the fraudulently induced contract will not bar the claim." *Tradewinds Airlines, Inc. v. C-S Aviation Servs.*, 222 N.C. App. 834, 842 (2012); *see American Laundry Machinery Co. v. Skinner*, 225 N.C. 285, 288 (1945) (allowing parol evidence contradicting contract's integration clause where fraud in the inducement "vitiates the contract").

Here, Plaintiff Farmer signed the bill of sale, which contained an integration clause wherein the parties agreed not to rely on any "representations . . . other than what is set forth herein in writing." Plaintiffs' amended complaint specifically alleges that Defendants made the false representations "prior to the time that [Plaintiff Farmer] signed the bill of sale," that the misrepresentations "constituted fraud in the inducement," and that Plaintiffs "relied" on the false representations. Plaintiffs also

alleged that the truck had a false DOT inspection sticker. The integration clause of the bill of sale cannot bar Plaintiffs' claim for fraudulent inducement of the same. *See Tradewinds*, 222 N.C. App. at 842. Additionally, the reasonableness of Plaintiffs' reliance is a question for the jury as factfinder to resolve upon a full hearing on the merits. *See Forbis*, 361 N.C. at 527.

Plaintiffs' allegations as to Defendant Penske also meet the particularity requirement under Rule 9 by "generally encompass[ing] the time, place and contents" of the false representations, the "identity of the person[s] making the representation," and the resulting monetary gain that Defendants "obtained by the fraudulent . . . representations." *Terry*, 302 N.C. at 85; see N.C. R. Civ. P. 9(b). Thus, the trial court erred by dismissing Plaintiffs' fraudulent inducement and UDPTA claims for failure to state a claim under Rule 12(b)(6) as to Defendant Penske. Accordingly, we reverse the trial court's dismissal on this ground as to Defendant Penske.

### E. Rule 12(b)(6) Dismissal as to Defendants Brown and Spacek

Plaintiffs also allege that Defendants Brown and Spacek induced them to enter into the contract for the sale of the truck by fraudulent misrepresentations. But in their original complaint, Plaintiff alleged that Defendants Brown and Spacek made the fraudulent misrepresentations long after the sale of the truck, during the time Defendant Penske was allegedly attempting to repair the truck in North Carolina. Plaintiffs unsuccessfully attempt to convert these representations made after the sale into support for the claim of fraudulent inducement to purchase the truck. Since these

allegations do not support a claim of fraud in the inducement, they also cannot support a claim for violation of the UDTPA. Even if we assume that Defendants Brown and Spacek knew the truck was not "road ready" or "proven" and it never would be, their statements did not induce Plaintiff to buy the truck. Thus, we affirm the trial court's dismissal of the claims as to Defendants Brown and Spacek.

## IV.    Conclusion

For the reasons discussed above, this Court reverses the trial court's order dismissing Plaintiff's amended complaint with prejudice as to Defendant Penske but affirms the trial court's dismissal as to Defendants Brown and Spacek.

AFFIRMED IN PART AND REVERSED IN PART.

Panel consisting of Judges STROUD, WOOD, and MURRY.

Report per Rule 30(e).